## THORNTON *vs.* THORNTON ET AL.

[APPLICATION TO PROBATE COURT BY WIDOW TO HAVE FIVE HUNDRED DOLLARS
WORTH OF LAND OF DECEASED HUSBAND SET APART TO HER, &C.]

1. *Widow ; what property not entitled to, except in case of insolvency of
husband's estate.*—A widow is not entitled to five hundred dollars worth
of the lands of her deceased husband, exempt from the claims of heirs,
distributees or legatees, except in case of the insolvency of the estate.

APPEAL from Probate Court of Russell.
Tried before Hon. T. L. APPLEBY.

The opinion states the material facts of the case.

G. D. & G. W. HOOPER, for appellant.—We admit that
under section 1738 of the Code of 1852, the widow would
not be entitled under the statement of facts ; for that sec-
tion only exempts land as against the creditors of the
estate, and the estate of the deceased must be insolvent in
fact before said section operates.   But this section was
amended and changed by an act of the legislature, ap-
proved 30th January, 1860.—See Acts 1859–60, p. 18.
And by this act the same property is exempt from the
claims of the *heirs*, as was by section 1738 of the Code of
1852 exempt from the claims of creditors.

The act of 1860 was in force at the time of the death of
Reuben Thornton ; and unless that act was intended to
operate on such a case as is presented by this record, it
seems difficult to conceive the field of its operation, or the
object of the legislature in changing section 1738.

U. S. LEWIS, *contra.*

B. F. SAFFOLD, J.—The appellant applied to the pro-
bate court to set apart to her five hundred dollars worth
of the lands belonging to the estate of her deceased hus-
band, under the provisions of section 2061 of the Revised

Code.  She does not allege that the estate is insolvent, but claims the land exempt from the claims of heirs, distributees or legatees, as well as from the payment of debts.  It was proven on the trial that the estate was not insolvent, and that a decree of the probate court had been made allotting dower to petitioner, but its execution had not been reported.  The court dismissed the petition.

Under section 2061, the widow, if there be no children under twenty-one years of age, as in this case, is entitled to as much as five hundred dollars worth of the lands of her husband exempt from the payment of his debts, whether his estate is insolvent or not ; but it is not exempt from the claims of heirs or distributees, unless the estate is insolvent.  The quantity of a widow's dower interest, when there are lineal descendants, is one third part of the lands, whether the estate is insolvent or not.  This is the largest quantity which she can obtain against the heirs, except in case of insolvency.

The decree is affirmed.