# HUDSON vs. STEWART, Adm'r.

[PETITION TO SET ASIDE SALE OF LAND.]

1. *Exempt property of decedent; what, child may claim.*—If a person die, in this State, and leave no widow, and but a single child, who is his sole and only heir and distributee, five hundred dollars worth of the land of the deceased is exempt from the payment of such decedent's debts, for the child's use.

2. *Same; rights of child when estate is insolvent.*—And when the estate is insolvent, and it becomes necessary to sell the real estate for the payment of debts, the land so exempt should be laid off and set apart for such child, in the manner required by the statute. And if the land can not be divided, it must be sold, subject to this claim of exemption.—Revised Code, § 2061, Cl. 6.

3. *Same.*—And if, when the land is so offered for sale, it fails to sell for *five hundred dollars*, the sale should not be confirmed, as the child is entitled to the *five hundred dollars* or *the land.*

4. *Same; proof of insolvency of estate; what competent evidence to prove.*—On an application by petition, in favor of such child, it is not necessary, in order to show the insolvency of the estate, that there shall be a judgment of insolvency in the probate court, but it is enough, "when the estate is ascertained to be insolvent, upon evidence satisfactory to the probate judge."—Revised Code, § 3539, G. p. 671.

5. *Same.*—On such an issue of insolvency, *vel non*, the evidence of the administrator is competent, without a judgment of insolvency, and it should not be rejected.

6. *Same; petition of child should not be dismissed for irregularities, &c.*—When the petitioner is a *female* and a *minor*, her petition should not be dismissed for any irregularity or informality, which would be amendable. The court should direct the petition to be properly amended, if it was deemed insufficient. Its dismissal is to be looked upon with grave disfavor, in such a case.

APPEAL from the Probate Court of Perry.

The opinion states the case.

BROOKS, HARRALSON & ROY, for appellant.
W. L. BRAGG, *contra.*

PETERS, J.—This is a proceeding originating in the probate court of Perry county, to set aside a certain portion of the real estate of W. O. Hudson, dec'd, for the use of Amelia Hudson, his only child and distributee, who is a minor. The suit is instituted in Miss Hudson's name, by her next friend, under section 2061 of the Revised Code, as amended by section 3539, G., of the same compilation. There was also pending, before the same court, at the same time, an application for the sale of the same lands, for the payment of the debts of the decedent, (said Hudson.)

At the hearing, the appellant's petition was dismissed on the motion of the administrator, " on the ground that the estate" of the decedent, (Hudson,) had "not been judicially ascertained to be insolvent." There was a bill of exceptions taken by appellant on the trial below, from which it appears that the petitioner, (Miss Hudson ) was a minor of nine years old, a child of said W. O. Hudson, deceased, and the sole survivor of his family; and that there was no widow of deceased living. The petitioner also offered to prove that the estate was actually insolvent, by the administrator, but the court rejected this testimony, and petitioner excepted. And then, on motion of the administrator, the proceeding was dismissed. From the judgment of dismissal, appellant brings the case to this court, and assigns the dismissal for error.

The sections of the Code which control this case are as follows: " When the deceased leaves a widow, or a child, or children, under the age of twenty-one years, members of his family, the following property, *real* and personal, is *exempt from payment of debts*, and the same, with the exception of real estate, is exempt from the claims of heirs, distributees and legatees, and the real estate is exempt from such claim of heirs, distributees and legatees only when the estate of the deceased is insolvent, and it becomes necessary to sell the real estate for the payment of debts."

   *     *     *     *     *     *

" 6. Five hundred dollars worth of land, —— and when the estate is insolvent and it becomes necessary to sell the

real estate for payment of debts, three appraisers, appointed by the court, after being duly sworn, must lay off and set apart the same, so as to include the homestead, or such portion thereof as can be selected without injury to the remaining portion of the estate ; and if this can not be done, they must lay off other lands in the place thereof, to be estimated by them and set off by the metes and bounds, and the title to such lands shall vest in the widow and child, or children, or in the widow if there be no children, or in the child or children, if there be no widow ; and if the real estate can not be divided so as to set apart five hundred dollars worth thereof, under this section, and the appraisers shall so report, the probate court must order the executor or administrator to sell the real estate and pay to such widow, or widow and child, or children, or child or children, five hundred dollars of the proceeds of the sale."—Rev. Code, § 2961, cl. 6.  "Real estate of decedent, set apart for the use of the widow, or widow and child or children, or child or children, under the provisions of section 2061, (1738,) is exempt from the claims of heirs, distributees or legatees, only when the estate is ascertained to be insolvent, *upon evidence satisfactory* to the probate judge, and it becomes necessary to sell the real estate for the payment of debts ; and this section is amendatory of section 2061, (1738.)"—Rev. Code, § 3539, G. p. 671.

The proceedings in the court below show that the appellant is the only child, the only heir, distributee or legatee, and the only surviving. member of the decedent's family, and that there is no widow.  In such a case there can be no controversy between the heirs, distributees or legatees of the deceased.  Under such facts, the exemption vests solely in the appellant, and whether the estate is solvent or insolvent, it can not defeat the right of the petitioner in the court below.  The insolvency of the estate only defeats the exemption in favor of the claims of heirs, distributees or legatees, when there are such, against the family and widow.  It does not enlarge the rights of the creditors.  It is only when there are other heirs, distributees

or legatees, that the insolvency of the estate becomes of importance.—See *Thornton v. Thornton*, 45 Ala. 274; Rev. Code, § 1061, 3539, G., *supra*. Here the contest is between the creditors of the deceased and the only surviving member of his family, who is entitled to claim the exemption, either as heir or distributee, or as claimant under the statute. In such a contest the exemption is absolute in favor of the heir or distributee, if she choose to set up her claim as she does in this instance. Such has been very properly, I think, the construction of this statute in favor of the claim of the widow to the personal estate held by her under it, and the language applicable both to real and personal property is the same as to the absolute character of the exemption, when there are no heirs, distributees or legatees.—*Brooks v. Martin*, 43 Ala. 360. Such property is not charged with the payment of the debts of the deceased, and it can not be sold for that purpose so as to defeat the rights of the claimant under the exemption as the heir, distributee or legatee. This property is absolutely exempt from the burden of the debts of the estate, whether the estate be solvent or insolvent. The law is peremptory and without any uncertainty of meaning. Rev. Code, § 2060, 2061; *clause 6*; *Ib.* § 3539; G., *supra*. The lands of the deceased may be sold for the payment of his debts, but it must be sold subject to this exemption; and in order to protect the purchaser and the administrator in such a sale, very obviously the safer and better practice to pursue is, that when there is an application by an administrator or executor for an order of sale of the lands of the deceased for the payment of his debts, and there is no widow, then the claimants, under the statute, who are minors, should be brought before the court as in chancery, and the court should cause a proper and competent person to be appointed, to defend their interests, and at once appoint persons to lay off and set apart the exempted lands, and order a sale of the residue only. And if the allotment, under the statute, can not be made by metes and bounds, and the order is to sell the whole of the realty

of the deceased, it should show a reservation in favor of the rights of the claimants under the statute, and if the sale was for a less sum than five hundred dollars, it should not be confirmed by the court. This is so, because, if the decedent does not own more than "five hundred dollars worth of land," the claimants, under the statute, are entitled to the whole. This is the statutory measure of their right.—Revised Code, § 2061; *clause 6, supra; Mc-Cuan v. Turrentine,* January term, 1872. It is a concession by the sovereign power to the widows and the minor children of the State, which it is the duty of the "courts," (which is but another word for the " judges") of the State, to see sedulously protected and enforced. Const. Ala. Art. I, § 15; Pamph. Acts 1870, 1871, p. 4, 5. And in order to guard the rights of the heirs, distributees and legatees of the decedent, as well as those of his widow and infant children, the law authorizes the court to inquire into the question of the insolvency of the estate, on such an application. In this inquiry, any competent evidence which would be "satisfactory to the probate judge" is sufficient. And if such evidence is admissible upon the issue to be proven, it is competent. It need not be "a judicial" ascertainment of the fact. This is not the language of the statute; and it is not necessary for the protection of the interests of the parties concerned, that it should receive such a limitation. Courts can not add such limitations, unless they necessarily grow out of the application and purpose of the law. It would be an introduction of words into the statute which are not found there, and are not required for its fair construction and its beneficial operation. It would be legislation, which is forbidden to the courts.—*License Tax Cases,* 5 Wall. 462, Chase, C. J., *arguendo,* p. 469; Const. Ala. Art. III. Insolvency simply means that the property of the deceased, at the market price, is insufficient to pay his debts.—2 Black. Com. 285, 471; Webster's Dict., Unabr., word *Insolvency.* Any facts that show the amount of the decedent's debts, and the quantity and value of his property charged with the pay-

ment of his debts, are admissible and competent. These facts the administrator is presumed to know. He is a competent witness. The court, then, erred in rejecting his testimony, and also in dismissing the appellant's petition, for the reason shown in the record; which, as no other reason appears, will be taken for the true reason. For the record, if not otherwise in some legal manner discredited, is presumed to speak the truth.

The right of the petitioner in this case is beyond all dispute. She is a minor of very tender years, a girl and an orphan. And the right, whether it is exerted under the statute in her favor as a member of the family, or as heir or distributee of her father's estate, vests the exemption wholly in her. In such a case, the court of probate, following the analogies of the court of chancery, should not dismiss her petition for any informality which would be amendable. Such a practice is to be looked upon with very grave disfavor. The court should have directed the petition to be properly amended, if it was deemed iusufficient.—*Childress v. Harrison, Ex'r*, January term, 1872; Revised Code, § 2809.

The judgment of the court below is reversed, and the cause is remanded for a new trial.