## BETSEY EGGLESTON

### *v.*

## WILLIAM EGGLESTON *et al.*

HOMESTEAD—*widow not entitled to as against children and heirs.* The widow of one who died prior to the time when the acts of 1872 and 1873, exempting the homestead from the laws of descent and devise, went into effect, is not entitled to the right of a homestead in addition to a right of dower, as against the children and heirs.

APPEAL from the Circuit Court of Stark county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. MILES A. FULLER, for the appellant.

Messrs. HENDERSON & TRIMBLE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for partition, and the assignment of dower in certain real estate, of which John T. Eggleston died seized in 1871, brought by a portion of his children and heirs against his minor children and widow.

The question presented by the record is, whether, as against children and heirs, the widow is entitled to the right of a homestead in addition to a right of dower. This was decided by this court in the negative, in *Turner* v. *Bennett*, 70 Ill. 263.

The cases are essentially alike, except that the present suit was commenced after the time when the acts of 1872 and 1873, exempting the homestead from the laws of descent and devise, went into effect. But John T. Eggleston, the husband and father of these parties, died December 7, 1871, before the passage of those acts, and the rights of the parties to this suit were fixed at the time of his death, and must be adjudged irrespective of those subsequent acts. The decision in the former case governs the present.

The decree is affirmed.

*Decree affirmed.*