## Marianna Sontag
*v.*
## Rosina Schmisseur *et al.*

HOMESTEAD. Under the homestead act of 1851, and the amendatory act of 1857, the widow has not the right to claim a homestead in addition to her dower, as against the heirs, in the premises occupied by her as a homestead. Under those acts the exemption exists only as against forced sales, or voluntary alienations by the husband in which the homestead is not released.

WRIT OF ERROR to the Circuit Court of St. Clair county.

Mr. WM. WINKELMAN, for the plaintiff in error.

Messrs. C. W. & E. L. THOMAS, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The question presented by this record is, whether the widow of a person dying seized of real estate, leaving children as heirs, but no debts, can claim, in addition to her dower in the premises, a homestead worth $1000, as against the heirs of her husband, in a proceeding for partition and assignment of dower. The question was presented in the court below, but the court refused to allow the widow such a right, and the case is brought to this court and a reversal is asked.

The language of the statute only applies to forced sales under process of courts of law or equity. The act declares that the homestead shall be exempt from levy and such sale for debts contracted after the 4th of July, 1851. The amendatory act of 1857 provided that the husband should not release the right unless the wife should join with him for that purpose. But still, in both enactments there is an entire absence of all allusion to any exemption from partition with the heirs on their claims or right of possession. The law has not declared that the widow may hold a homestead against the heirs, and we are unable to hold that such was the legislative intention, but must, on the contrary, hold, as we did in the case of *Eggleston* v. *Eggleston,* 72 Ill. ——, that the acts of 1851 and 1857 only create an exemption from forced sales or alienations by the husband, and did not extend the right to the widow as against the heirs. That case presents and determines this question, and we have no inclination to repeat the discussion, but are fully satisfied with the decision there made, and the decree of the circuit court must be affirmed.

*Decree affirmed.*