## ELEANOR FIGHT

*v.*

## THOMAS HOLT.

1. HOMESTEAD EXEMPTION—*does not extend to widow as against the heirs and their grantees, under acts of* 1851 *and* 1857. The acts of 1851 and 1857, in relation to homestead, only created an exemption from forced sales or alienations by the husband, and did not extend to the widow the right of homestead in premises of which her husband died seized, as against the heirs or the grantees, or purchasers from the heirs.

2. PARTITION—*sale may be made subject to widow's dower.* On a petition for partition of real estate, where it appears that the premises are not susceptible of partition, there is no error in ordering the estate to be sold subject to the widow's dower, which may afterwards be assigned in accordance with the provisions of the statute.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. MAYO & WIDMER, for the appellant.

Messrs. BUSHNELL, BULL & GILMAN, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

It was held. in *Eggleston* v. *Eggleston*, 72 Ill. 24, the acts of 1851 and 1857, in relation to homestead, only created an exemption from forced sales, or alienations by the husband, and did not extend to the widow the right of homestead in premises of which her husband died seized, as against the heirs. The doctrine of that case has since been affirmed in *Sontag* v. *Schmisseur*, 76 Ill. 541.

The only difference between these cases and the one at bar. is, that here, the petition for partition is filed by the grantee of the heirs. This can make no difference. A grantee or purchaser from the heir occupies the exact position of the heir, and is entitled to assert the same rights in the premises.

As the premises appear not to have been susceptible of division, there was no error in ordering the estate to be sold subject to the widow's dower, which may hereafter be assigned in accordance with the provisions of the statute.

The decree will be affirmed.

*Decree affirmed.*