LOUISA E. PATTERSON v. JOHN K. PATTERSON ET AL.

*Homestead exemptions—Partition of homestead by heirs—Trespass.*

The constitutional provisions which protect homestead rights in Michigan are strictly exemption provisions and give the right only as against the creditors, and the statutes have not enlarged it.

Heirs at law may claim partition of the homestead, but adult heirs residing away from the homestead cannot disturb an existing possession in the widow while the estate is in process of settlement. If the settlement is unreasonably delayed they may take proceedings to expedite it; but they can obtain no right to possession of any distinct part until partition is actually made, unless by the occupant's consent.

A widow sued an adult heir at law of her husband for trespass in coming upon the homestead, of which she claimed to be in actual possession, and in harvesting crops. He defended on the ground that she had agreed to a division of the homestead for purposes of cultivation, but she denied having done so. *Held* that the burden of proof was with defendant and that the case was for the jury on the point of actual possession.

Error to Kalamazoo. Submitted June 15. Decided Oct. 11.

TRESPASS. Plaintiff brings error. Reversed.

*Thomas R. Sherwood* for appellant.

*Henry C. Briggs* for appellees.

COOLEY, J. The plaintiff is widow of William W. Patterson, who died intestate August 14, 1879, leaving surviv-

ing two adult children, of whom the defendant John K. Patterson is one, and three infant children, two of whom are children of the plaintiff also. At his decease the intestate was occupying a farm as his homestead, and the widow with her two children have since remained in the dwelling-house upon this farm. She claims a homestead right in the dwelling-house and forty acres of land, and her case is that while with her children she was in possession of this homestead, in the summer of 1881, John K. Patterson with his servants, who are the other defendants, entered wrongfully, and harvested and carried off crops. For this she brings trespass. John K. Patterson on the other hand claims that, by an understanding with the plaintiff, the homestead was divided for the purpose of occupation and cultivation, and that a portion was assigned to him upon which he raised the crop which he harvested and removed.

Upon this state of facts the question was made in the court below whether the plaintiff and her children were entitled to a homestead right in the dwelling-house and forty acres, to the exclusion of the other heirs. It was conceded that the plaintiff had a dower right in the lands, and that twenty acres of the forty had been set off to her in satisfaction of that right. It is not claimed, however, that the homestead claim would be affected by that fact. *Showers v. Robinson* 43 Mich. 502; *Monk v. Capen* 5 Allen 146; *Mercier v. Chace* 11 Allen 194; *Doane v. Heirs of Doane* 33 Vt. 679; *Chaplin v. Sawyer* 35 Vt. 286; *Walsh v. Reis* 50 Ill. 477; *Bursen v. Goodspeed* 60 Ill. 281; *Perkins v. Quigley* 62 Mo. 498; *Buxton v. Dearborn* 46 N. H. 43.

The circuit judge held that the plaintiff had, as against the heirs of her husband, no homestead right. This ruling is in accordance with the decision in this Court in *Robinson v. Baker* 47 Mich. 619. In that case the constitutional provisions which give the homestead right were recited, and it was shown that they were exemption provisions strictly, and gave the right only as against creditors. In that respect they differ from provisions existing in some other States. In Massachusetts the widow's homestead right is not only

entirely independent of any question of indebtedness, but she is by statute expressly empowered to sell and convey it. It is not therefore a mere right to occupy, but an estate. *Mercier v. Chace* 11 Allen 194; *Monk v. Capen* 5 Allen 146. In New Hampshire the statute expressly gives a homestead to the widow as against heirs as well as creditors. *Spaulding's Appeal* 52 N. H. 336. In Vermont, the homestead passes by statute to the widow and children "in due course of descent." *Keyes v. Hill* 30 Vt. 760, 768. In Iowa, by statute, "upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law." *Nicholas v. Purczell* 21 Iowa 265; *Dodds v. Dodds* 26 Iowa 312. And see *Eustache v. Rodaquest* 11 Bush 42. No one can fail to see that these provisions differ essentially from those contained in the constitution of this State, and, as was said in *Robinson v. Baker* the statutes have not enlarged the right in this particular.

But this view of the homestead right does not dispose of the case. It does not follow that because the heirs might claim partition, they were therefore at liberty to disturb an existing possession; and in respect to actual occupancy the evidence was such as to make a case for the jury.

It appears from the statement of facts above given that while plaintiff claimed to be in possession of the *locus in quo* at the time of the alleged trespass, John K. Patterson claimed on the other hand to have been in exclusive possession with the plaintiff's consent. If this claim on his part was sustained by the evidence, it should have been an end of the case. But the burden to prove this was upon the defendant, and the plaintiff denied. The fact of possession was therefore in dispute upon the facts, and should have been submitted to the jury.

If, as the plaintiff claims, and as the evidence tends to show, she was left in possession by her husband's death, we do not think it was the right of an adult heir residing elsewhere to come upon the premises and disturb her possession while the estate was in process of settlement. His remedy, if the

settlement was unreasonably delayed, was to take proceedings to expedite them; and he could obtain no right to possession of any distinct part until partition actually made, unless he obtained it by plaintiff's assent. He was therefore, upon the facts as plaintiff described them, a trespasser, and if he disputed these facts he should have gone to the jury upon them.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.