MARY ZOELLNER ET AL. v. MINA ZOELLNER AND ELIZABETH PETTIFORD.

[See 45 Mich. 358.]

*Estate of decedent—Homestead—Partition— Widow's right to occupy premises.*

1. The homestead right does not attach in favor of a widow and children unless the estate is insolvent and in debt; and if it is not, it goes to the heirs at once, subject to the widow's right of dower.

2. Where a decedent's estate is subject to a homestead right in favor of his widow and minor children, but is indivisible and below the homestead allowance in value, it cannot be sold in partition proceedings.

3. The constitutional provisions for the benefit of widows and minor heirs are not supplemented by any statute giving them effect in cases where the estate, while exceeding the homestead exemption in value, is indivisible and cannot be partitioned and the widow herself is the only creditor. And if the heirs are not in occupation and seek partition the administrator may properly take possession and collect rents, and apply them to the payment of the widow's claim; and if she herself occupies the premises she must account for two-thirds of the rental value, which may also be applied on the debt to her. But she is entitled, as the administrator would be, to the amount of necessary expenditures made by her for repairs, taxes, etc. And in a suit to which she and the heirs are parties, if there are no other creditors, this may be ordered without impleading the administrator.

4. A widow's right to occupy the premises left by her husband continues until her dower is assigned or measures are taken to partition the estate; and it is not affected by the removal of the decedent's minor heirs by their guardian.

Appeal from Wayne. (Chambers, J.) April 23.—June 4.

BILL for partition: cross-bill to establish lien. Mina Zoellner appeals. Decree modified.

*Ovid N. Case* for complainants in original bill.

*George Gartner* for appellant.

CHAMPLIN, J. On May 12, 1880, Julius Zoellner died intestate, leaving Mina Zoellner, his widow, and three children by a former wife—two of whom are minors—his only heirs, him surviving. At the time of his death he was seized in fee of a half lot on Larned street, in Detroit, upon which was situated a two-story house, so constructed as to permit its being occupied by two families. The upper or second story had for some time been rented, and the lower or first story was, at the time of his death, occupied by him and his family as a homestead. The value of the property is about $2800.

After his death proceedings were had to administer his estate in the probate court for Wayne county, commissioners

on claims appointed therein, who, on October 17, 1881, duly allowed a claim in favor of the widow and appellant, amounting to the sum of $695.44, which claim remains unsatisfied, and is the only claim remaining against the estate; and the only property belonging to the estate, and out of which such claim could be paid and satisfied, is the half lot above described, the property involved in this suit.

After the death of Zoellner, appellant,—his widow,— together with the two minor children, now of the ages of 17 and 15 years, remained in the possession and continued in the occupancy of such homestead for about six months, when the guardian of such minors removed them, after which the widow—appellant—remained in the occupancy and is now in the occupancy thereof, claiming the right to remain in the possession as a homestead, she being possessed of no homestead in her own right. The widow—appellant—has also collected and received the rent of the upper portion of the house.

The original bill is filed by the two minor children, the general object of which is to obtain a partition and sale of the premises, an accounting for rents received, and the charging for the occupancy by the widow, and a division of the proceeds of the sale after the payment of the claim allowed by the commissioners in the matter of the estate.

The widow filed a cross-bill for the purpose of having her claim declared a lien on said estate enforceable by sale after the infant heirs shall have attained their majority. The original and cross-bill were heard together on the pleadings and proofs.

The decree, entered December 14, 1883, declared said widow's claim to be a lien on said premises, and ordered the widow to account for *two-thirds* of the rents received by her from January 15, 1881, for the upper portion of said house, and also for *two-thirds* of the rental value of the lower part thereof from May 12, 1881, that being one year from the time of her husband's death, and that the same be applied towards the payment of her said claim; and that the premises be sold and the balance of said claim paid, the widow's

dower be set out to her, and the balance of the proceeds distributed equally among the three heirs, and the cross-bill be dismissed.

The questions involved in the original suit, as stated by complainants, are:

1. Can the widow successfully resist the partition, and exclude the heirs from the enjoyment of said premises because of any homestead rights she may have therein?

2. Is not *two-thirds*, at least, of the rent received by the widow for the tenement part of said premises a proper set-off against her said claim?

3. Ought the decree to order the widow to account for *two-thirds* of the value of the use and occupation of the lower part of said premises after the expiration of her quarantine, and apply the same as an equitable set-off in payment of said claim?

All parties concede that the lands cannot be partitioned by metes and bounds, or by any other way, except by sale and division of the proceeds. The estate has never been closed by the administrator, and there is no way of paying the debts, except by sale of the real estate.

The claim made by the widow, who has brought the case here by appeal, is as follows:

"(*a.*) The widow had the right to remain in the occupancy for one year after her husband's death. How. Stat. § 5755. After this time, she, together with the two minor children, the complainants in this case, had a right to the occupancy thereof. This was a right which each possessed, and the children are not in a position to leave the premises and thereby cut off a right which the widow possesses with them. The minor children may abandon the right possessed by them with the widow, but this would not amount to an abandonment by her of her right. The children in such case are certainly not in a position to complain against her claiming or refusing to abandon her right. The question as to whether Mrs. Pettiford, one of the children who has attained her majority, and who is made a defendant, could maintain such a bill, is not involved in this case.

(*b.*) After the death of Zoellner, the guardian of the minors collected the rent of the upper portion of the house for two

months; after that, by an agreement made by him with appellant, she was to collect and receive it, and she thereby became the agent of the guardian for that purpose.   If she is accountable at all, she is accountable to the guardian and the child who has attained her majority, and should not be made to account in a bill brought by the minors.   She is also entitled to what she has expended for the minors, and also her expenditures upon the house and made by her, and the decree in this case entirely disregards such claim.

(c.) The appellant is entitled to dower in the property in question, and independent of any homestead right therein she had a right to continue to occupy the same.   Although the children had the same right, they did not see fit to avail themselves thereof.   Her occupancy was not objected to; she did not receive any rent for the premises so occupied by her, and she cannot now be held chargeable for such occupancy by herself.   How. Stat. § 5744.

(d). The property in question, being a homestead, was exempt from the payment of the debts of deceased during the minority of the children.   Const. art. 16.   If sold at all by the administrator to pay debt, such sale would have to be subject to the homestead rights therein, and it is questionable whether this could be rightfully done.   *Showers v. Robinson* 43 Mich. 502.   The lot is the only property of the estate and the only assets thereof, and is needed for the payment of the debt, which is a lien thereon.   *Drake v. Kinsell* 38 Mich. 232.

As it is questionable whether the lot could be sold, and as the administrator has taken no steps to pay the debt, and as such debt might cease to be a lien on the property by the lapse of time (*Pratt v. Houghtaling* 45 Mich. 457), the claimant would be entitled to have such lien preserved to her by decree declaring her debt to be a lien on the property, enforceable by sale under such decree, and in this view a decree should have been granted her as prayed for in the cross-bill."

The case presents some novel questions.   Unless there are creditors at the time the owner of a homestead dies, and the estate aside from such homestead is insolvent, no homestead right attaches in favor of the widow or children, and the premises pass at once to the heirs, subject to the widow's right of dower.   Here the widow claims a homestead.   She is the only creditor.   Were it not for her claim as a creditor of the estate it would descend immediately to the heirs of the

deceased. There is no property to pay debts except the homestead property, and this she insists shall not be sold, because it is exempt from sale during the minority of the children; and for the same reason she claims she has the right of possession during such minority, but fearing her claim as a creditor may become barred by the Statute of Limitations before the youngest child reaches its majority, she asks that she may be decreed to have a lien upon the land, and the right to enforce it as soon as her homestead right ceases. Moreover, she claims that she has a right of dower in the homestead property, and a right of possession under that.

So far as the cross-bill is concerned, and the relief asked under it, the widow stands in no better position than any creditor would who does not bear the multigenerous relations to the estate that she does. She is a simple contract creditor, and must enforce her rights and pursue such remedies as are open to such creditors. The Constitution, by article 16, § 3, provides that " The homestead of a family, after the death of the owner thereof, shall be exempt from the payment of his debts contracted after the adoption of this Constitution, in all cases, during the minority of his children." And section 4 is as follows: "If the owner of a homestead die, leaving a widow but no children, the same shall be exempt, and the rents and profits thereof shall accrue to her benefit during the time of her widowhood, unless she be the owner of a homestead in her own right." It is under these provisions that defendant claims she has the right to occupy the whole of these premises and to receive the rents and profits during her widowhood. Whether she claims the right as a part of the family of the deceased, or as his widow, having had no children by him, is unimportant, in the view we take of the rights of the parties to property situated as this is.

In cases where the homestead can be partitioned by metes and bounds there is no difficulty in partitioning the same among the heirs entitled, subject to the homestead right of possession until its termination. But in cases where such partition cannot be had, and can only be made by a sale of the

53 MICH—40

property and a division of the proceeds among the heirs, difficulties present themselves at once. A sale of the property would terminate the homestead right, unless the sale should be made subject thereto, and a sale of this kind would be very likely to result in a sacrifice of the property, for reasons which were quite fully pointed out in *Showers v. Robinson* 43 Mich. 502. In a case where land is subject to a homestead interest of the widow and minor children, and is within the constitutional limitations as to quantity and value, and cannot be divided in proceedings for partition, I do not think such homestead can be sold under proceedings for partition, since the effect of such sale would be to divest the widow or minor children of their constitutional right to a homestead. In other cases, where the premises are susceptible of partition without sale, I can see no reason why such partition may not be had, under the decision of this Court in *Robinson v. Baker* 47 Mich. 619.

But the homestead set up in the pleadings in this case, while within the limitations as to quantity, exceeds the limitations as to value, and the defendant concedes in her answer that it cannot be so partitioned as to preserve her homestead. The statutes have made no provision for the preservation or protection of a homestead, in property so circumstanced, for the benefit of the family or widow of the deceased. It was not until 1861 that the Legislature made provision to secure to a debtor the benefit of the homestead in cases where the land exceeded the limitation of value and was indivisible, by allowing a sale of the whole and paying over to the debtor the value of the homestead as fixed by the Constitution. How. Stat. §§ 7723, 7728, 7729. That statute only authorized a sale upon execution or decree to enforce a levy or lien upon the premises, and in case of sale the homestead value of $1500 is paid over to the debtor in lieu of a homestead exempted by the Constitution. It was competent for the Legislature to make provision for securing to the family or widow of the debtor, where the homestead claimed exceeds the value and is not capable of division, by exempting something out of it in lieu of it, of equivalent value; but they have not

done so, and the consequence is, as explained in *Beecher v. Baldy* 7 Mich. 488, no homestead exists in favor of the family or widow in the property described in the bill of complaint. It was subject to the dower of the widow, and to sale by the administrator for the payment of debts. It is also subject to be partitioned among the heirs. It undoubtedly results, in the situation in which the subject is left by the statutes, that in cases where the premises occupied by a debtor as a homestead exceed in value the limit of fifteen hundred dollars, and cannot be divided so as to carve out a homestead of that value, the family or widow may be left entirely without the benefits designed to be secured to them under the Constitution. We are powerless to afford relief, under existing laws, to those who are so unfortunate as to be left in that position.

The decree of the court below proceeded upon the assumption that the premises in this case were not subject to a homestead interest, and in this it is correct. How. Stat. § 5744 provides as follows: " When a widow is entitled to dower in the lands of which her husband died seized, she may continue to occupy the same with the children or other heirs of the deceased, or may receive one-third part of the rents, issues and profits thereof so long as the heirs or others interested do not object, without having the dower assigned."

Under this section of the statute the widow had a right to occupy the premises in question, with the children and other heirs, until some steps were taken to assign her dower or to partition the estate. She continued to occupy with the complainants until December, 1880, when these children were taken away and cared for by their guardian. This did not affect her right to occupy during the progress of the settlement, until dower assigned or steps taken for partition. No steps were taken toward assignment of dower, and the filing of the bill in this case was the first that was done toward obtaining partition.

Under the facts of this case it would have been proper for the administrator to have taken possession of these premises, and to have leased them from year to year, and to have received the rents until the estate was settled or delivered

over to the heirs (Act 236 of 1881), and had he done so, the rents would have necessarily been applied to the payment of defendant's debt. She is the only one that could have received any benefit thereby, and was the only one directly interested in having him do so. It would have lessened the indebtedness of the estate to her, and relieved it pro tanto of the burden. She having received the rents of a portion of the premises and occupied the rest, it is equitable that she should account in this proceeding for two-thirds of the rent received, and two-thirds of the rental value of the portion occupied by her since the commencement of this suit. Since she is the only creditor, and therefore the only one entitled to such application of rents and profits to the liquidation of claims against the estate, this may be done without bringing in the administrator as a party. And as all parties interested are before the court, there is no obstacle in the way of treating defendant Mina Zoellner's claim as a specific lien, and whatever balance may be found due to her may be paid out of the proceeds of the sale before distribution. The evidence shows that defendant Mina paid taxes, water rates and insurance, and also made some repairs, amounting in all to sixty-six dollars and sixty-eight cents. They are items which would have been allowed to the administrator if he had taken possession and received the rents, and should be allowed to her in this accounting.

The decree below must be modified so as to conform to the views above expressed, and a decree entered here accordingly, and the cause will then be remanded to the court below for farther proceedings. The complainants are entitled to costs.

The other Justices concurred.