## ANE KNUDSEN, RESPONDENT, *v.* JULIUS HANN-BERG AND OTHERS, APPELLANTS.

EXECUTORS AND ADMINISTRATORS.—DESCENT.—HOMESTEAD.—Under the Utah statutes, which provide a homestead and certain personal property, which shall be exempt from execution if the debtor is the head of a family, and which provide that on return of the inventory, the probate court may set apart for the support of the widow and minor children all property of the decedent exempt from execution, and also provide that the widow of an intestate shall take one-third of the decedent's real and personal property, and under a statute of Congress which gives the widow a dower interest, which is for life, in one-third of the intestate decedent's real property; *held* that where the value of the homestead exceeds the amount exempt from execution and where the estate is solvent, the homestead does not descend to the widow, but the land passes to the heirs of an intestate, leaving a widow and children, subject to the widow's dower.

ID.—DOWER.—SUCCESSION OF WIDOW.—ELECTION.—Under the Utah statute of succession which gives one-third of all the intestate's real and personal property to the widow and under the congressional statute, which gives the widow a dower right in the lands of the intestate, of a life interest in one-third thereof; *held* that the widow is not put to her election, but takes one-third of the real property of the intestate in fee, and one-third of the personal property, as well as a dower interest of an estate for life in one-third of all the intestate's realty.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. King and Houtz,* for the appellant.

*Messrs. Kellogg and Corfman,* for the respondent.

MINER, J.

The facts are stated in the opinion. This case came on for trial before the first district court upon the following agreed statement of facts: "(1) James Knudsen died intestate July 30, 1890. (2) The defendant Julius Hannberg was duly appointed administrator of the estate of the said deceased, and ever since has been, and now is, administrator of the said estate. (3) That after paying all the debts and liabilities of said estate, including costs of administration there is left in the hands of the administrator, as assets of the said estate, real estate of the value of $3,500, and personal property of the value of $850. (4) That James Knudsen left, as heirs at law, plaintiff, Ane Knudsen, his widow, in possession of said real estate and personal property in Provo City, county of Utah, Territory of Utah. (5) That, besides this plaintiff, said deceased left three children by a former marriage, to-wit: James C. Knudsen, aged 20 years, Ida Amelia Knudsen, aged 14 years, and Nels William Knudsen, aged 11 years, who resided apart from him. (6) That on the ——— day of March, 1891, this plaintiff filed her petition for an order setting apart to her a homestead and personal property exempt from execution by law, and for her support until said estate was settled. A copy of said petition is hereunto attached. (7) That on the ——— day of ———, 1891, said probate court allowed $10 per month to the plaintiff, but reserved the question of homestead and exempt property. (8) That on the 16th day of January, 1892, the probate court in and for Utah county refused said petition, and ordered distribution of said estate, without any reference to exemption or homestead right. A copy of said order is hereunto attached. (9) That plaintiff duly appealed from said refusal and from said order of distribution to this court. (10) It is further stipulated as facts that Ane Knudsen, appellant,

married the deceased on the ——— day of November, 1888, and that all the property now in the hands of Julius Hannberg, administrator, was acquired by said deceased prior to said marriage. (11) That after said marriage, to-wit, on the ——— day of March, 1891, said James Knudsen, deceased, gave to the said Ane Knudsen, his wife, as and for her own property, $1,000, which she received and took possession of. (12) That there are no other heirs at law of said deceased than those above named, and that all of said children are minors. (13) That the said James Knudsen, deceased, and the mother of said children, were divorced on the 27th day of July, 1881, and the mother was decreed to have exclusive care and custody of said children, and the property of said James Knudsen, deceased, at that time was amicably divided between said James Knudsen and the mother and children aforesaid; and thereupon the court made and entered its decree, as follows: 'Decree of Court. Wherefore all and singular the law and the evidence being by the court understood and considered, it is ordered and decreed: (1) That real estate to the value of $1,500, including the dwelling house thereon and its appurtenances, occupied by James Knudsen, Ane Knudsen, his wife, as a home in the lifetime of the former, and since his death by said Ane Knudsen, his widow, this plaintiff, be set off to her as a homestead, by metes and bounds, by commissioners to be appointed by this court, to be occupied by her as a homestead during her life; provided, she remains in possession and continues to occupy it as a homestead, remainder being to the heirs of James Knudsen, deceased. (2) That the exempt personal property petitioned for by the plaintiff, to-wit, one horse, one buggy, one cow, one wagon, one harrow, one cultivator, one plow, one harness, one single harness, three tons of hay, 116 bushels of wheat, one corn sheller, one bedstead, one bed, one wardrobe, one lounge, one table, one cup-

board, two chairs, one stove, be set apart for the plaintiff by an absolute title. (3) That plaintiff is entitled to an undivided one-third of the real estate, including the homestead, in fee, by succession; and to an undivided one-third of the personal property over the exempt personal property, by succession, to an absolute title. (4) And also that in remaining undivided two-thirds of the real estate, exclusive of the homestead, plaintiff has a dower interest to the extent of one-third its value remainder to the heirs of James Knudsen, deceased. (5) That the minor children, heirs of James Knudsen, deceased, before mentioned, are entitled by succession, each to the undivided one-third of so much of the said estate as does not go to the widow of said deceased, to-wit, two-thirds of the personal property over and above exemptions set apart to the widow; also two-thirds of the real estate outside of the homestead, but subject to the dower interest of the widow; also remainder in the widow's life estate, at her death.'" From this decree an appeal is taken, and error is assigned upon the conclusion of law and decree.

The questions presented by this appeal are new in this Territory, and our statutes are not sufficiently identical with those found elsewhere to make the adjudication of other courts of much assistance. In order to present the questions intelligibly, it will be necessary to refer to the several statutes of this Territory in force and bearing upon the question at the time this contention arose. Section 3429, Comp. Laws 1888, exempts certain real and personal property from execution; and subdivision 11 provides that, if the debtor be the head of a family, there shall be a further exemption of a homestead to be selected by the debtor, consisting of lands, together with appurtenances and improvements thereon, not exceeding in value the sum of $1,000 for the judgment debtor, and a further sum of $500 for his wife, and $250 for each other member of his family; and it is further provided in what

manner the homestead may be sold on execution or partitioned, if of greater value than is exempted under this section. Section 4113, Comp. Laws 1888, reads as follows: "When a person dies, leaving a widow or minor children, the widow or children, until letters are granted and the inventory is returned, are entitled to remain in possession of the homestead, of all the wearing apparel of the family, and of all the household furniture of the decedent, and are also entitled to a reasonable provision for their support, to be allowed by the probate court or the judge thereof." Section 4114, Comp. Laws 1888, reads as follows: "Upon the return of the inventory, or at any subsequent time during the administration, the court may, on its own motion, or on petition therefor, set apart for the use and support of the widow and minor children of the decedent, if there be a widow and minor children, and if no widow, then for · the children, if there be any, and if no children, then for the widow, all the property of the decedent exempt from execution." Section 4117 provides how property set apart shall be apportioned. Section 4118 provides for the distribution of estates of less than $1,500 to the widow and children. Section 2741, Comp. Laws 1888, provides that the real and personal property of one who dies without disposing of it by will passes to the heirs of the intestate subject to the control of the probate court, and shall be distributed, * * * one-third to the surviving husband or wife, and the remainder in equal shares to his children. * * * "

The first question presented by the record is whether or not, under the agreed state of facts in this case, the widow is entitled to a homestead right and the exempt property referred to in the statute, and given her by the decree. The real estate owned and occupied by the deceased and his widow at the time of his death consisted of five acres of land in Provo City, farm land, with a dwelling house thereon appraised at $3,500. This valuation exceeded

the homestead limit. The personal property was appraised at $850. The three minor children of decedent by his divorced wife did not constitute a part of his family residing on the premises at the time of his death. There were no creditors of the estate, and the estate was solvent. Under §§ 4113 and 4114, the widow and children should be allowed to remain in possession of the homestead, and of the wearing apparel of the family, and of the household furniture of the decedent, until letters are granted and the inventory is returned, and until such time they are also entitled to a reasonable provision for their support. Their right to remain in possession of the homestead, and to a reasonable allowance for their support, may be extended by the court until the final distribution of the estate, if the circumstances of the widow and children justify it. The homestead exemption is not strictly an estate or property passing to those who are under the law entitled to enjoy it, but rather a protection to them in its enjoyment against the demands of creditors. As the creditors could not enforce their demands out of the property constituting the homestead during the life of the debtor, so neither they, nor the creditors of any member of the surviving family, can enforce them after his death, so long as there is a widow or child remaining in possession and occupying it as a homestead. In respect to homestead rights, our statutes differ from the provisions existing in many of the states. In New Hampshire the statute expressly gives the homestead to the widow, as against heirs as well as creditors. *Spaulding's Appeal,* 52 N. H. 336. In Massachusetts, the widow's homestead right is not only independent of any question of indebtedness, but she is by statute expressly empowered to sell and convey it. It is there not a mere right to occupy, but an estate. *Mercier* v. *Chace,* 11 Allen, 194; *Monk* v. *Capen,* 5 Allen, 146. In Iowa, by statute, upon the death of either husband or wife, the survivor may continue to possess and occupy the whole home-

stead until it is otherwise disposed of according to law."
*Nicholas* v. *Purczell,* 21 Iowa, 265; *Dodds* v. *Dodds,* 26
Iowa, 312; *Eustache* v. *Rodaquest,* 11 Bush. 42. In Ver-
mont, the homestead passes by statute to the widow and
children in "due course of descent." *Keyes* v. *Hill,* 30
Vt. 760. In Mississippi, the surviving wife or husband and
children take the homestead and other exempt property by
descent. Laws 1865, p. 138. In California, Louisiana,
Nevada, and Texas, the law recognizes a kind of property
known as "community property," which to some extent
affects the disposition of the homestead upon the death of
either of the tenants in community. *Lord* v. *Lord,* 65
Cal. 84, 3 Pac. Rep. 96. No one can fail to see that these
provisions differ essentially from those contained in the
statutes of this Territory. In this case the respondent
claims that the widow shall be endowed of the one-third
part of all the lands whereof her husband dies seized; have
a large share of the personal property set off to her in
fee; have her support during the settlement of the estate;
have one-third of all the real and personal property by
succession in fee; and that, in addition thereto, she shall
hold, as against the children of her husband, a homestead
right to the value of $1,500, which would make her an
estate of about 18-35 for life and 12-35 in fee, making an
estate in fee and for life of about 30-35 of the whole
estate. In the case of *Turner* v. *Bennett,* 70 Ill. 267,
which is similar to this in many respects, the court says:
"The homestead exemption, which by the original act is
the continuance after the death of the householder, for the
benefit of the widow and family, is not an absolute exemp-
tion, but is an exemption from levy and forced sale under
legal process, for debts." In *Zoellner* v. *Zoellner,* 53 Mich.
624, 19 N. W. Rep. 556, the court in discussing the same
question says that unless there are creditors at the time
the owner of a homestead dies, and the estate, aside from
14

such homestead, is insolvent, no homestead right attaches in favor of the widow or children, and the premises pass at once to the heirs, subject to the widow's right of dower. In *Robinson* v. *Baker*, 47 Mich. 619, 11 N. W. Rep. 410, the court holds that the widow has no homestead right as against the heirs of her husband. This same doctrine is sustained in *Patterson* v. *Patterson*, 49 Mich. 176, 13 N. W. Rep. 504, in which the court holds that the homestead rights were exemption provisions strictly, and gave the right only as against creditors. The exemption statutes of Michigan and Illinois are somewhat similar to those of Utah.

In our statute above quoted there is no provision to be found that the widow and minor children or the widow may hold land exceeding in value the homestead limit as a homestead, to the exclusion of children claiming rights therein as heirs at law. The general purpose of the several statutes upon this subject, as I understand them, was merely to preserve the homestead for family occupation as against any sale for debts, or any sale by the married owner without his wife's concurrence, so far as her dower interest might be affected. In cases where the premises are susceptible of partition without sale, and exceed the statutory homestead limit in value, and the estate is solvent, there is no reason why such partition may not be had in the distribution of the estate. *Rands* v. *Brain*, 5 Utah, 197, 14 Pac. Rep. 129. I can come to no other conclusion than that, under the statutes of this Territory, the homestead right does not attach in favor of the widow or children, unless the estate is insolvent and in debt, or is below the homestead allowance in value, and, if it is not, it goes to the heirs at once, under the law of succession, subject to the widow's right of dower. *Robinson* v. *Baker*, 47 Mich. 619, 11 N. W. Rep. 410; *Patterson* v. *Patterson*, 49 Mich. 176, 13 N. W. Rep. 504; *Turner* v. *Bennett*, 70 Ill. 263; *Zoellner* v. *Zoellner*, 53 Mich. 620, 19 N. W. Rep. 556; 1

Woerner, Adm. §§ 90–94; *Eggleston* v. *Eggleston*, 72 Ill.
24; *Sontag* v. *Schmisseur*, 76 Ill. 541; *Wharton* v. *Leggett*,
80 N. C. 169; *Wharton* v. *Taylor*, 88 N. C. 230; *Hager*
v. *Nixon*, 69 N. C. 108; *Thornton* v. *Thornton*, 45 Ala.
274; *Kemp* v. *Kemp*, 42 Ga. 523.

The remaining question to be determined is whether the
widow is entitled to dower in the husband's lands, and
also to one-third thereof by succession. By law of Congress
known as the "Edmunds-Tucker Law," passed March 3,
1887, § 18 provides that "a widow shall be endowed of
one-third part of all lands whereof her husband was seized
of an estate of inheritance at any time during the marriage,
unless she shall have lawfully released her right thereto."
1 Comp. Laws, 1888, p. 119. At the time this law of
Congress was passed, and for many years prior thereto, the
law of succession (title 2, c. 3, § 2741, Comp. Laws, 1888),
was in force in this Territory, and Congress could not have
been ignorant of its existence. In the case of *Cope* v. *Cope*,
137 U. S. 682, 11 Sup. Ct. Rep. 222, the court holds
"that annulments of statutes by implication, like repeals
by implication, are not favored by courts, and that no
statute of a territory will be declared void because it may
indirectly, or by construction which is possible but not
necessary, be repugnant to an act of Congress annulling
legislation of the territory; but such a result must be direct
and proximate in order to invalidate the statute." We can
see no reason why the law of Congress and the law of suc-
cession passed by the Territory are in conflict or repug-
nant to each other. The act of Congress endows the widow
with one-third part of all lands whereof the husband was
seized. Consequently the widow should have a dower
interest, a life estate, to the extent of one-third of all the
real estate whereof the husband died seized; and under the
law of succession the widow is entitled to one-third of all
the real estate remaining after the dower is set off to her,
and also to an undivided one-third of all the personal

property after the debts, costs, and expenses attending the settlement of the estate are paid. The three minor heirs are each entitled by succession to the undivided one-third of the remaining two-thirds of the real estate and personal property, subject to the widow's right of dower as above stated. The decree below must be modified so as to conform to the views above expressed, and a decree entered accordingly. This case will be remanded to the court below for further proceedings in accordance with this opinion. The appellant is entitled to costs.

ZANE, C. J., and ANDERSON, J., concurred.