## In re SCHENK'S ESTATE.

No. 3282.   Decided Jan. 21, 1919.   Rehearing Denied Feb. 11, 1919.
(178 Pac. 344.)

1. DESCENT AND DISTRIBUTION—RIGHT OF HUSBAND AND WIFE—STAT:
UTE—"LIMITED BY MARRIAGE CONTRACT."   The language "limited
by marriage contract," found in Comp. Laws 1907, section 2828, as
to succession in absence of will and of marriage contract, refers to
antenuptial contract for conveying property or creating an incum-
brance thereon, not to any contract inhering in the relation of hus-
band and wife.   (Page 387.)

2. STATUTES—CONSTRUCTION.   Where the language of a statute is
plain and unambiguous, there is no occasion to resort to rules of
construction.   (Page 387.)

3. STATUTES—ADOPTION FROM OTHER STATE—CONSTRUCTION.   Where
one state enacts a statute, and its courts construe it, and the stat-.
ute is subsequently substantially adopted by another state, the
decisions of the first state construing the statute prior to its sub-
sequent enactment by the other state are authority in such other
state. ˙ (Page 390.)

4. WILLS—RENUNCIATION BY WIDOW—SUBSEQUENT CLAIM OF HOME-
STEAD—STATUTES.   Under Comp. Laws, sections 2731, 2826, 2827,
2829, 3847, widow whose husband after payment of her allowance
and other expenses of administration left a net estate of about
$1,100, after having renounced provisions of will in her favor,
thereby electing to accept her distributive share, could not claim
as against will all property as homestead, under section 2829, or by
way of summary distribution, under section 3847.[1]   (Page 395.)

Appeal from the District Court of Cache County, First
District; *Hon. J. D. Call*, Judge. ·

In the matter of the estate of Samuel Schenk, deceased.
On petition of testator's widow for summary administration
of the estate, praying the same to be set apart to her as a
homestead right after payment of the debts and expenses of
administration.

---

[1] *Knudsen* v. *Hannberg*, 8 Utah, 203, 30 Pac. 749; *In re Little's Es-
tate*, 22 Utah, 204, 61 Pac. 899.

From judgment denying her application, and dismissing the petition, the widow appeals.

AFFIRMED.

*George Q. Rich* for appellant.

*C. W. Dunn* and *Walters & Harris* for respondent.

THURMAN, J.

Samuel Schenk, of Providence, Utah, died in June, 1901, leaving a widow surviving him, and also several adult children by a former marriage. By last will and testament he gave all his personal property to his wife, and all his real property to her for her use and benefit during her life "but not to sell or dispose of."

The widow resided upon the property and used the same for her support until 1916, when she presented the will for probate. The will was duly admitted, and John Schenk, son of the deceased, was appointed executor according to the terms of the will.

In due course of administration an inventory was filed showing the estate to consist of a small house and lot in Providence and about two acres of farming land in the immediate vicinity —all of the value of $1,650. Upon application of the widow a temporary allowance was made for her support until the further order of the court. The estate was all sold to pay this allowance and other expenses, and a final account was rendered showing a balance in the hands of the executor in the sum of $1,079.41. The executor then filed a petition for final distribution of the estate, detailing the material facts in such cases, among other things setting out the provisions of the will, and that the widow had renounced the same and was therefore entitled to have one-third in value of the residue of the estate distributed to her under the law of succession. The petition alleged that the other devisees under the will should have distributed to them the remainder of the estate. The widow, answering said petition, denied that the

other devisees were entitled to any of the property, alleging that it was homestead property, and that she, under the provisions of Comp. Laws Utah 1907, sections 2829, 3847, was entitled to all the residue of the estate. She also represented that she was the surviving widow of the deceased, seventy-four years of age, in declining health, and had no separate property for her support and maintenance; that she had never accepted the provisions of the will made in her favor, excepting the use of the property, until it was taken into possession by the executor, said property all being exempt from execution. The widow, at the same time, filed a formal petition praying for the summary administration of the estate, and that the same be set apart to her as a homestead right, after payment of the debts and expenses of administration.

The facts as to the widow's pecuniary and physical condition and the condition of the estate, as alleged, were all admitted by the executor, and were so found by the court. It also found that she needed all of the estate for her support, but, as conclusions of law, the court found it had no authority, under the sections of the statutes referred to, especially in view of the terminal sentences thereof, to make a summary distribution of the estate or to set it apart as a homestead as prayed for in the petition, as against the provisions of the will, and ordered that the application be denied and the petition dismissed. The widow appealed and assigned as error these rulings of the court.

The conclusions of the court were based upon the fact that the widow by not accepting the provisions of the will, as provided in section 2827 of the laws above referred to, was conclusively presumed to have renounced such provisions and to have accepted her distributive share, as provided in section 2826, which amounted to only one-third of the value of the property. In order to determine the questions submitted for our decision it is convenient at this point to set out in full the several sections of the Compiled Laws, above referred to, which, in our judgment, are controlling:

2731. "Every person over the age of eighteen years, of sound mind, may, by last will, dispose of all his estate, real and personal, and such estate not disposed of by will is suc-

ceeded to as provided in chapter 4 of this title, being chargeable in both cases with the payment of all the decedent's debts as provided by law: Provided, that a married man shall not devise away from his wife more than two-thirds in value of his legal or equitable estates in real property without her consent in writing.''

2826. ''One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him: Provided, that the wife shall not be entitled to any interest under the provisions of this section in any such estate of which the husband has made a conveyance when the wife, at the time of the conveyance, is not or never has been a resident of the territory or state of Utah. Property distributed under the provisions of this section shall be free from all debts of the decedent, except those secured by mechanics' or laborers' liens for work or labor done or material furnished exclusively for the improvement of the same, and except those created for the purchase thereof, and for taxes levied thereon. The value of such part of the homestead as may be set aside to the widow shall be deducted from the distributive share provided for her in this section. In cases wherein only the heirs, devisees, and legatees of the decedent are interested, the property secured to the widow by this section may be set off by the court in due process of administration.''

2827. ''If the husband shall make any provision by will for the widow, such provision shall be construed to be in lieu of the distributive share secured by the next preceding section, unless it shall appear from the will that the decedent designed the testamentary provision to be additional to such distributive share, in which case the widow shall be presumed to have accepted both such testamentary provision and such distributive share. If, however, it does not appear from the will that its provision for the widow is additional, then the widow shall be conclusively presumed to have renounced such provision, and to have accepted her distributive share, unless within four months after the admission of the will to probate,

or within such additional time before distribution as the court may allow, she shall, by written instrument filed with the clerk of the court, accept the testamentary provision, which acceptance shall be construed to be a renunciation of her distributive share. In the event that the wife shall be insane or incompetent, or absent from the state, an election shall be made for her by a general guardian, if she have one, or by a special guardian for the purpose, appointed by the court.''

2829. ''A homestead consisting of lands and appurtenances not exceeding in value the sum of $2,000, and $250 additional for each minor child, together with all the personal property exempt from execution, shall be wholly exempted from the payment of the debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there be no surviving husband or wife, to be set apart on petition and notice, at any time after the return of the inventory: Provided, that the homestead selected shall be subject to any incumbrances given for the purchase price or by the consent of both husband and wife, and to mechanics' liens. *This section shall not be construed to prevent the disposition by will of the homestead and exempt personal property.*'' (Italics ours.)

3847. ''After the return of the inventory, the court may, on petition and after notice, set apart and distribute all the property of the decedent, if the whole value of the same does not exceed $1,500, in fee and absolutely, as follows, to wit: One-half to the surviving wife or husband and one-half in equal shares to the minor children; or, if there be no surviving wife or husband, in equal shares to the minor children; or, if there be no minor child, to the surviving wife or husband. The expenses of the last illness, funeral charges, and expenses of administration, shall be paid before such distribution is ordered. In case the whole estate of the decedent be thus distributed, there must be no further proceedings in the administration, unless other property is discovered. The court may, at its discretion, exclude from the distribution of the property so set apart and distributed, other than the homestead, any surviving wife, husband, or minor child hav-

ing separate property or income, and in all other cases wherein the estate is valued at more than $1,500 the court may, on petition and notice, set apart and distribute property, 'not to exceed $1,500 in value, to the surviving wife, or husband, and minor children, according to the foregoing provisions. *This section shall not be construed to affect the right of the decedent to dispose of his estate by will, as provided by law."* (Italics ours.)

We have italicized those portions of the sections quoted which have a direct bearing upon the issues presented here and to which we invite particular attention. It will be seen that section 2731 gives to every person qualified thereby the right to dispose of all his real and personal property, with the proviso that if he is a married man he cannot devise away from his wife more than two-thirds in value of his legal and equitable estate. Section 2829 provides for setting apart a homestead to the surviving husband or wife and their minor children, or either, absolutely, with certain limitations and conditions, with the provision that "this section shall not be construed to prevent the disposition by will of the homestead and exempt personal property." Section 3847 provides for the summary distribution of small estates, under $1,500 in value, to the surviving husband or wife and their minor children, or either, and concludes with the provision that "this section shall not be construed to affect the right of the decedent to dispose of his estate by will, as provided by law."

It was because of the terminal sentences in the two sections last referred to that the court found itself powerless to grant appellant the relief prayed for in her petition. Section 2826 declares the share of the surviving husband or wife and minor children, or both, under the law of succession, and section 2827, wherein she is presumed to have renounced the provisions of the will and elected to take under the law of succession.

The concrete question to be determined is: Can the appellant, under the provisions of the statute above set forth, after having renounced the provisions of the will made in her favor and thereby elected to accept her distributive share under the law of succession, thereafter claim, as against the will, all the

property as a homestead under section 2829 or by way of summary distribution under section 3847?

There is no doubt but that section 2731 protects the widow's right as against an attempt by the husband to devise away from her more than two-thirds in value of the legal and equitable real estate, but that question is not involved. It is true appellant insists the will does attempt to devise to the children more than two-thirds of the property, but as it is not manifest on the face of the will that such is the case, and as appellant does not attempt to enlighten us on that question, we are compelled to dismiss that contention without further comment, and likewise the further contention that such attempt renders the will nugatory and void.

Following the appellant's argument in consecutive order, the contention is also made that the language, "limited by marriage contract," found in section 2828, has some bearing upon the question; that the marriage contract referred to inheres in the relation of husband and wife. Such, however, is not the case. The provisions undoubtedly refer to antenuptial contracts for conveying property or creating an incumbrance thereon. There is no such contract in the present case. We did not quote the section last referred to, as it is clear there is no merit in appellant's contention.

Getting back to the main question, respondent contends that the terminal provisions of section 2829 and 3847 unquestionably sustain the right and power of a testator to dispose of all his estate by will, including the homestead, even when the value is less than $2,000, as in the case at bar; and also as against a summary distribution of the property where the value is less than $1,500.

This would seem to be the plain, unambiguous meaning of the language employed, and where such is the case there is no occasion for resorting to rules of construction. Suth. Stat. Const. section 238. Nevertheless, the question involved is one of supreme importance and deserves something more than a mere ipsa dixit or a passing notice. The concrete question in the form here presented has never before been passed upon by this court; indeed, it is doubtful if

it has ever been passed upon by any court in this country, for with the single exception to which we will refer before concluding these remarks we know of no statute in the states of the Union in any degree similar to ours so far as the terminal provisions of sections 2829 and 3847 are concerned.

There have been two cases decided by this court involving the question of a widow's homestead right, but in both cases the value of the estate exceeded the homestead exemption, and what was said by the court concerning estates within the exemption, although under the circumstances not obiter dictum as contended by respondent, was, nevertheless, not a satisfactory solution of the particular question now before the court. These two cases are referred to by both appellant and respondent, and from the arguments made pro and con we infer that considerable confusion exists in their minds as to the effect of certain language contained in the opinions. Whatever may be said as to the plain, unambiguous language of the statutes, to which reference has been made, and the impropriety of resorting to rules of construction, it certainly cannot be contended that the opinions referred to are in all respects plain and unambiguous. Some of the language employed needs to be construed and the meaning ascertained, if possible, so that hereafter there need be no confusion.

*Knudsen* v. *Hannberg, Adm'r, et al.,* 8 Utah, 203, 30 Pac. 749, was decided by this court in 1892. The case arose under Comp. Laws of Utah, 1888, and the law of Congress known as the Edmunds-Tucker Law (Act March 3, 1887, c. 397, 24 Stat. 635). The decedent, Knudsen, died intestate. He left surviving him a widow, and also three children by a former marriage. These children lived with their mother, from whom decedent was divorced. The property consisted of real estate of the value of $3,500, and personal property of the value of $850. The trial court decreed to the widow a homestead, of the value of $1,500, for life, remainder to the heirs of deceased, also certain exempt property, consisting of one horse, certain farm implements and household effects, one-third of the real estate, including the homestead, in fee, by succession, and one-third of the personal property over and above that which was exempt, and, as dower under the laws of Con-

gress, one-third of the remaining two-thirds of the real estate, exclusive of the homestead, remainder to the children of deceased. From this order of the court the defendants Hannberg, as administrator, et al., appealed and assigned as error the order of the court distributing the property. The opinion was written by Hon. James A. Miner, then a justice of this court. He reviews at considerable length the various sections of the statutes then in force, especially section 3429, relating to homestead exemption, section 4113, relating in part to the same subject, section 4114, relating to setting apart property exempt from execution, and section 4118, authorizing the setting apart of all the property to the widow and minor children where the value is less than $1,500.

It is not our purpose to review these statutes in detail, but only to call them to the attention of the reader and remark in connection therewith that they were in the main, if not entirely, adopted from similar statutes of the state of California, which statutes have been construed by the courts of that state before we adopted them. It is further pertinent to remark that these statutes were generally to the same effect in respect to homestead rights and summary distribution of property as our present statute, heretofore quoted, with the important exception that they did not contain the terminal provisions now found in sections 2829 and 3847 safeguarding the right of the testator to dispose of his property by will. These provisions were added as amendments by a subsequent Legislature.

This court modified the judgment of the trial court by allowing the widow a dower interest, under the law of Congress, or one-third of all the real estate of which her husband died seized, and one-third of all the remaining real estate under our law of succession, and one-third of the residue of the personal property after the payment of debts and expenses of administration. No homestead, as such, was allowed. The only feature of the opinion in the Knudsen Case that is of particular interest here is certain language of the court on page 210, and that is only important because of the particular use made of it by the same distinguished justice in a later

case, to which we will hereafter refer. The language employed is as follows:

"I can come to no other conclusion than that, under the statutes of this territory, the homestead right does not attach in favor of the widow or children, *unless the estate is insolvent and in debt, or is below the homestead allowance in value,* and, if it is not, it goes to the heirs at once, under the law of succession, subject to the widow's right of dower" (italics ours)—citing many cases.

The language in italics, together with the use made of it in the later case referred to, is relied on by appellant as supporting her contention that the homestead property, or its value under $2,000, should have been set apart to her by order of the court as her property absolutely.

We have no difficulty whatever in dealing with this particular question. The court was undoubtedly right under the law, as it then existed, and even if the husband, under that law, had undertaken to devise an estate of less than $1,500 in value away from his wife the attempt would have been futile against her consent because the statute as it then existed had been construed by the courts of California to authorize setting apart such property to the widow, the provisions of a will to the contrary notwithstanding. *Sulzberger* v. *Sulzberger,* 50 Cal. 385; *In re Davis' Estate,* 69 Cal. 460, 10 Pac. 671.

Other cases in California have been decided by the courts of that state since our statutes of 1888 were adopted, but the two cases above cited were decided before and are therefore authority for the position we have assumed. The 3 cases cited are certainly no authority for appellant in view of the amendment made to our statute since the *Knudsen Case,* which we have reviewed at some length.

The other Utah case referred to is *In re Little's Estate,* 22 Utah, 204, 61 Pac. 899. In that case the husband, Little, by last will and testament, bequeathed to his four children and other persons, not including his wife, an aggregate sum of $47,000. The balance of his estate he willed to his wife and four children in equal parts, share and share alike, after all other bequests and expenses were paid. The personal property and furniture in the homestead he bequeathed to his wife. The widow renounced the provisions of the will and

filed her petition asking that the household goods, one-third
in value of all the legal and equitable real estate, and one-
third of all the personal property and the homestead, where
deceased resided, be set off to her.   The real estate was of
the value of about $40,000 and the personal property $45,000.
The trial court allowed the widow one-third of all the legal
and equitable real estate, but no homestead right or personal
property.   From the judgment so rendered she appealed to
this court where the judgment was affirmed.   The opinion in
that case was also written by Mr. Justice Miner and, as before
stated, applies the doctrine enunciated in the Knudsen Case,
heretofore quoted, in such a way as to apparently support ap-
pellant's position on the main question submitted for our de-
termination.   The case arose under the Revised Statutes of
1898, which are substantially the same as the present law as
far as the sections bearing upon the questions before us are
concerned.   The sections are numbered the same, and sections
2829 and 3847, relating to homestead rights and summary
distribution of property, together with the terminal provi-
sions heretofore referred to, are substantially the same as the
present law.   At page 214 of 22 Utah, at page 900 of 61 Pac.,
of the report containing the opinion the learned justice says:

"While section 2829, in terms, gives absolutely, property in the
homestead and exempt personal property to the surviving husband or
wife, yet by other terms of the section this power is limited, and the
husband may dispose of it by will, and under section 2826 the value
of such homestead set apart to the widow, if any, shall be deducted
from the distributive share provided for her in that section. *This right
to dispose of such homestead property, however, by will, is limited to
such estates as exceed the homestead limit in value, under the ruling of
this court in Knudsen v. Hannberg, 8 Utah, 203 [30 Pac. 749]*.

"The statutes of this state have been materially changed in this
respect since Knudsen v. Hannberg, supra, was decided *but in respect to
the point mentioned, the opinion is still applicable to the statutes now
in force.*

"The syllabi in that case, however, is inaccurate.   The word 'sol-
vent' in the third line from the bottom of the first paragraph should
read 'insolvent.' "   (Italics ours.)

Respondent insists that the language in italics is obiter dic-
tum and therefore not authority.   We are not prepared to

hold that the language to which objection is made is obiter in the strict sense of the term, but we are of the opinion that it was a misapplication of the doctrine announced in the Knudsen Case, and in the absence of a better explanation should be considered and treated as a lapsus of the memory, and therefore should not be considered as a binding declaration as to what the law was under the Rev. St. 1898, or under the present statutes. The objectionable language sets at naught the statute as amended and treats it as if it had not been amended at all. The writer of the opinion could not possibly have deliberately intended what the language imports, and hence we feel justified in assuming that it was an inadvertence, or, as before stated, a lapsus of the memory. We cannot, however, contend that he had forgotten that the statute had been amended for he refers to that fact in the very next paragraph and still adheres to his opinion previously expressed. Then follows another remarkable statement. He says that the word "solvent" in the third line from the bottom of the first paragraph of the syllabus in the Knudsen Case should read "insolvent." This, also, is a mistake. The syllabus referred to accurately reflects the opinion of the court and is not a mistake in the respect mentioned.

While we cannot, for the reasons stated approve of these statements in the opinion referred to, we do approve of the result arrived at in that case and of the language contained in the following paragraph, on page 213, which states accurately the whole law of the case and the law applicable to every case where the widow renounces the will and elects to take her distributive share. The paragraph reads:

"Our opinion is that section 2731 empowers the testator to dispose of all his real and personal property by will, except that being a married man he cannot legally devise away from his wife more than two-thirds of his legal and equitable estate in real property, without his wife's consent in writing. *In other respects the statute gives the husband absolute power over his real and personal property by will.*" (Italics ours.)

We have given a somewhat extended review of these two cases: First, for the purpose of explaining, as far as possible, the apparent ambiguity and confusion resulting from some of the language used, especially in the last opinion; and,

second, for the purpose of bringing into this opinion what we believe to be a clear-cut statement of the law applicable not only to the facts of that particular case, but also to the facts in the instant case.

If it be conceded that the excerpt last quoted from the opinion in the Little Estate Case is a correct statement of the law as it exists today in this state, then it is absolutely conclusive of the question with which we are now confronted. However, we have yet to briefly consider the exceptional case to which we referred near the beginning of these remarks.

In volume 21, Cyc., at page 565, under the title "Homestead," the author says:

"In one state the exemption is continued in favor of the wife only in case the husband dies intestate."

The state referred to is Mississippi, and only one case is cited—*Johnson* v. *Cooper*, 56 Miss. 608. While the case is not exactly on all fours with the present case it is sufficiently analogous to justify more than a passing notice. In that case the deceased husband, prior to his death, made his will by which he devised to his wife all of his property, during her life or widowhood, in trust for her and their children's support. Only the income of the property was to be liable for her contracts. If she married again the property was to be equally divided between her and their children. If she did not marry then at her death the entire property went to the children.

The executor found it necessary to sell a portion of the property to pay the debts of the deceased, and deemed it advisable to sell the real estate. The same was accordingly sold under order of the court, and it went into the possession of the vendee. This was in 1856. In 1869 the devisees under the will brought an action in ejectment against the purchaser of the land for the possession thereof, on the theory that the land was exempt property, and therefore the sale thereof was void and conveyed no title. The court, in passing upon the question, at pages 614, 615 of 56 Miss., said:

"The fact that the land, or some part of it, was exempt from execution in the lifetime of the testator did not render the order of the

probate court to sell it void. Prior to the act of October 20, 1852 (Sess. Acts, p. 66), real estate exempt from execution was not longer exempted after the death of the owner; but by that act the property exempt from execution, 'upon the death of the husband, dying intestate,' was made to descend to the widow and children, as therein provided. In this case, the husband did not die intestate, and his property was not affected by the act cited.''

From the foregoing excerpt it appears the statute of Mississippi purported to permit the widow to claim the homestead as a right only in case her husband died without making a will, and the holding of the court is to the effect that where the property is conveyed by will to others the widow was not entitled to it under the law.

It is true, in that case the widow did not renounce the provisions of the will, but a casual consideration of the case, in the opinion of the writer, will convince the reader that even if she had renounced the will the holding of the court must have been the same.

The fact that our conclusion, already foreshadowed, will have the effect of depriving the widow in her declining years of that which may be absolutely necessary for her support and maintenance, as found by the trial court, naturally appeals to the sentimental side of every person imbued with a spark of human feeling. The resulting hardship is vividly portrayed in touching expression by appellant's counsel. On the other hand, counsel for respondent, in similar impressive vein, presents to our minds the picture of a man who reared a family, mostly of young men, who by their work and endeavor assisted him in accumulating a small estate. His wife, their mother, dies, and late in life the father marries again. He makes his will by which he bequeaths and devises all his property to his wife for her use and benefit during her life, remainder to the children who helped to accumulate the property. After a few brief years he dies, and the widow comes into exclusive possession of the property. She remains in possession and continues to use it for her own support for a period of more than fifteen years. She then brings the will into court, procures its admission to probate, and when an opportune moment arrives makes application for the whole of the property as a homestead right and as a summary distribu-

tion of the estate. Respondent believes that to have allowed the application, under the circumstances of this case, would be an intolerable hardship, inequitable and unjust.

These conflicting views of what is equitable and just may be a proper subject of consideration by the Legislature. They should find no place in our deliberations if the law is plain, unambiguous, and unequivocal. If the meaning of the statutes were in doubt and it became necessary to resort to rules of construction, questions as to what is reasonable, just, and usual in such cases might have some bearing in enabling us to determine the meaning and intent of the law.

In our opinion, in view of the law, the trial court did not err in denying the petitioner's application and dismissing her petition. The judgment of the trial court is affirmed, costs to be paid out of the funds of the estate.

CORFMAN, C. J., and WEBER, and Gideon, JJ., concur.

FRICK, J.

I concur. I can see no possible escape from the clear and lucid statements and analysis of the law and the conclusions reached by my Associate, Mr. Justice THURMAN. It is of no importance, however, whether I do or do not agree with the policy of the law upon any particular subject. My views respecting the provisos to sections 2829 and 3847, which are quoted in full by Mr. Justice THURMAN, are, therefore, of no consequence. It is my duty to obey and follow the statutes as written, unless it violates some provision of the Constitution. While I am bound to yield obedience to the statute, which I most cheerfuly do, yet I am not compelled to praise or to commend it as just and wholesome. To my mind the provisos to the two sections referred to leave the law of this state respecting homestead exemptions not only inharmonious and incongruous, but make it unjust and unfair. After reflecting upon the consequences of the provisos aforesaid, I can better understand and appreciate what Shakespeare meant when he spoke of those

"That palter with us in a double sense;
That keep the word of promise to the ear
And break it to the hope."

The right of homestead exemption is based upon public policy. The right is limited to those who sustain the relation of heads of families; that is, to such as may have dependents. The homestead is therefore wisely made immune against attack by the owner's creditors. The purpose of that is to prevent them from selling it, and thus perchance make the spouse and the minor children of the owner objects of charity to be cared and provided for at public expense. Under our Constitution the head of a family is guaranteed homestead exemption upon the express condition that he sustains that relation and that the family may need the exemption for their protection. As the law now reads, however, the owner may withhold the homestead and other exempt property from his creditors for the very reason that he is the head of a family, but he may, nevertheless, when he comes to die, and the family may really stand in need of protection, give it away to any person he may choose, rich or poor, worthy or unworthy. He may thus withhold the homestead from his creditors upon the one hand because he is the head of a family, and may deprive that family of protection upon the other. A law that permits such a result is, in my judgment, so manifestly unjust that it should be amended at the first opportunity. If it be true, as suggested by Mr. Justice THURMAN, that some injustice may result in case there are two sets of children, let the law be so framed that the owner of the homestead may dispose of it by will, subject, however, to the homestead rights of the spouse during life, and subject also to the rights of the minor children during their minority. As the law now reads, however, the homestead exemption may be a mere delusion and a snare.