# JACKSON LAND & LIVESTOCK CO. v. STATE TAX COMMISSION

No. 7904.  Decided July 20, 1953.  (259 P. 2d 1084.)

See 61 C.J. Taxation, sec. 498. Exemption from tax. 51 Am. Jur., Taxation, sec. 502; 83 A.L.R. 773.

*George D. Preston,* Logan, for plaintiff.

*John R. Rampton, Jr.,* Bountiful, *Thomas C. Cuthbert,* Salt Lake City, for defendant.

WADE, Justice.

Certiorari to review a decision of the State Tax Commission determining that the Jackson Land & Livestock Company, admittedly an agricultural corporation organized for profit, was subject to the Franchise and Privilege Taxes and was not exempt under the terms of Section 80-13-5, subdivision (1), U.C.A. 1943, now Section 59-13-4, subdivision (1), U.C.A. 1953 which reads:

"Corporations exempted.—The following corporations are exempt from the provisions of this chapter, to-wit:

"(1) Labor, agricultural or horticultural organizations."

It is the Tax Commission's position that not all labor, agricultural or horticultural organizations are exempt from the franchise tax under the above section but only those which are not organized for profit. We agree with the Commission.

Section 59-13-4, U.C.A. 1953 contains 16 types of corporations exempted from the state franchise tax all of which as stated in *American Investment Corporation* v. *State Tax Commission,* 101 Utah 189, on page 195, 120 P. 2d 331, on page 334:

"* * * may be characterized by these features: They are organized and operated not for profit but for the benefits of their members, and they cannot under their articles engage in the trade, commerce or business in the state. * * *"

Plaintiff's contention that the subsection exempting agricultural corporations from the tax uses simple, clear and unambiguous language which does not limit the exemptions to such corporations as are not organized for profit as could easily have been done by simply adding the words "not organized for profit" and therefore is not subject to construction would have some merit if it were not for the fact that it is contained in a group of organizations all of whose exemptions are based on the fact that they are not organized for profit, but rather for educational or charitable purposes and have for their objects the benefits of their members. Under such circumstances one group which appears to be out of harmony with the objectives of the state franchise tax which was to tax all business being done in the state for a profit and contained in a section in which all the organizations exempted, except the one in question, very apparently are either educational or charitable corporations or such as are organized to benefit their members and are not organized for profit, the legislative intent is not so clear and unambiguous as not to be subject to construction. Where the literal meaning of words does not appear to be in harmony with the purpose of the Act, this court will look into the reasons and history of the enactment. As we said in *Norville* v. *State Tax Commission*, 98 Utah 170, on page 177, 97 P.2d 937, on page 940, 126 A.L.R. 1318:

"Tax statutes should be interpreted in connection with other tax legislation and in the light of the report of the committee which framed the statute, *Nash Sales* v. *City of Milwaukee*, 198 Wis. 281, 224 N.W. 126. And where those statutes are patterned after statutes of sister states, the interpretation given by the highest court of the sister state is presumed to prevail. *New York Jobbing House* v. *Sterling Fire Ins. Co.*, 54 Utah 394, 182 P. 361; *In re Schenk's Estate*, 53 Utah 381, 178 P. 344; *Luckich* v. *Utah Construction Co.*, 48 Utah 452, 160 P. 270; *In re Raleigh's Estate*, 48 Utah 128, 158 P. 705."

See also *Union Portland Cement Company* v. *State Tax Commission* (On Rehearing), 110 Utah 152, 176 P.2d 879.

The Franchise and Privilege Tax Act was enacted in 1931 upon the recommendations of the State Tax Revision Commission which had been appointed in 1929 to make a study for a revision of the entire taxing policies of the state. One of its recommendations was that:

"All business done for profit should be taxed at a moderate uniform rate upon the net income of the business done within this state."

See Report of the Tax Revision Commission of the State of Utah, page 1, and on page 71 thereof the Commission, recommended that in drafting a business franchise tax Section 59-13-4, 1953, which is the exemption section of the Franchise Tax Act is, except for a few differences, copied almost verbatim from the Federal Income Tax Act, 26 U.S.C.A. § 101(1), and subsection (1), the section involved herein, is identical with the same subsection in the exemption section of the Federal Income Tax Act which was in effect in 1931 when our Act was enacted.

At the time what it now subsection (1) of 59-13-4, U.C.A. 1953 was enacted there was a United States Internal Revenue Bureau regulation interpreting what organizations mentioned in Section 103(1) of the Federal Income Tax Act, 26 U.S.C.A. § 101(1), which is the same as our Section 59-13-4(1), U.C.A. 1953, were entitled to exemption under that act. That was Reg. 74, art. 522 which reads:

"Labor, agricultural, and horticultural organizations.—The organizations contemplated by section 103(1) as entitled to exemption from income taxation are those which—

(1) Have no net income inuring to the benefit of any member;

(2) Are educational or instructive in character; and

(3) Have as their objects the betterment of the conditions of those engaged in such pursuits, the improvement of the grade of their products, and the development of a higher degree of efficiency in their respective occupations."

"Organizations such as county fairs and like associations of a quasi-public character, which are designated to encourage the development of better agricultural and horticultural products through a system of awards, and whose income from gate receipts, entry fees, and donations is used exclusively to meet the necessary expenses of upkeep and operation, are thus exempt. On the other hand, associations which have for their purpose, for example, the holding of periodical race meets, the profits from which may inure to the benefit of their shareholders, are not exempt. Similarly, corporations engaged in growing agricultural or horticultural products for profit are not exempt from tax."

Under this regulation it is clear that no agricultural corporation organized for profit was exempt under the Federal law. Similar regulations were in effect in 1921 when the Federal exemption act was reenacted, which regulations were called to the attention of the █ United States Senate at the time it was considering the wording of subsection (1) of the exemption section of the Income Tax Laws. See Seidman's Legislative History of Federal Income Tax Laws, 1938-1861, page 856. When a regulation is of long standing and the statute which it interprets has been enacted many times since such regulation, it has the quality of law. *Underwriters' Laboratories* v. *Com'r of Internal Revenue,* 7 Cir., 135 F. 2d 371; *Retailers Credit Ass'n of Alameda County* v. *Commissioner of Internal Revenue,* 9 Cir., 9 F.2d 47, 11 A.L.R. 152.

In view of the above it is apparent that the Legis lature did not intend to exempt agricultural corpo- . █ rations organized for profit.

Affirmed.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, J.J., concur.