In the Matter of the Appeal of ALICE S. LITTLE
from the order and decree of the District Court in refus-
ing to allow her a homestead, and one-third of the
personal property of the estate of JAMES T. LITTLE,
deceased.

Wills—Disposition of Property—By Married Man—Sec. 2731
R. S. 1898—Homestead and Exempt Property—Right to Dis-
pose of by Will—Limitation by Sec. 2829 R. S. 1898—Widow's
Distributive Share—Homestead Deducted—Sec. 2826 R. S.
1898—Personalty Disposed of by Will—Under Sec. 2731 R.
S. 1898—Renunciation of Will—By Widow—Cannot Claim
as Distributee Under Sec. 2828 R. S. 1898—Renunciation by
Widow—Does not Effect Others Claiming Under the Will
—Distributive Share of Widow—Fixed by Law—After Re-
nunciation—Sec. 2826 R. S. 1898.

*Wills—Disposition of Property—By Married Man—Sec. 2731 R. S.
1898.*

Section 2731 R. S. 1898 gives a man absolute power to dispose of
his real and personal property by will, except that, being a
married man he cannot legally devise away from his wife
more than two-thirds of his legal and equitable estate in real
property.

*Homestead and Exempt Property—Right to Dispose of by Will—
Limitation by Sec. 2829 R. S. 1898.*

While Sec. 2829, in terms gives absolutely, property in the
homestead and exempt personalty to the surviving husband
or wife, yet by other terms of the section this power is
limited, and the husband may by will dispose of the estate in
excess of the homestead limit.[1]

*Widow's Distributive Share—Homestead Deducted—Sec. 2826 R. S.
1898.*

Under Sec. 2826 R. S. 1898, the estate being solvent, and out of
debt, the value of such part of the homestead as may be set

---

[1] *Knudson* v. *Hamberg*, 8 Utah, 203.

aside to the widow should be deducted from her distributive share provided for in such section; she cannot have both, unless such design on the part of the testator clearly appears from the will.[1]

*Personalty Disposed of by Will—Under Sec. 2731 R. S. 1898—Renunciation of Will — By Widow — Cannot Claim as Distributee Under Sec. 2828 R. S. 1898.*

A testator having exercised the right given him by Sec. 2731 R. S. 1898 to dispose of his personal estate by will, and the widow having renounced the will, she cannot claim interest in the personalty as distributee under Sec. 2828.

*Renunciation by Widow—Does not Affect Others Claiming Under the Will.*

A widow's renunciation of her right under a will does not nullify the will as to other bequests, nor take from the other legatees therein, their rights thereunder, except as to such widow the will is operative and binding.

*Distributive Share of Widow—Fixed by Law—After Renunciation—Sec. 2826 R. S. 1898.*

When a widow renounces her husband's will, the law fixes what estate she takes, and in this State in such case she is only entitled to her distributive share of the real estate by succession under Sec. 2826 R. S. 1898.

BARTOH, C. J., dissenting.

(Decided June 8, 1900.)

Appeal from Third District Court Salt Lake County. Hon. Ogden Hiles, *Judge.*

James T. Little died in 1898 leaving a will under which the widow declined to take, and before distribution filed her petition asking that the household goods, one-third in value of all the legal and equitable estate in the real property of the deceased at the time of his death, one-third of all the personal property and the homestead where the

---

[1] *Knudson* v. *Hamberg*, 8 Utah, 203.

deceased resided, be set off to her. From a decree made and entered in the lower court setting apart to the widow one-third of all the legal and equitable estate in the real property but no personal property or homestead right, the widow appealed. *Affirmed.*

*Messrs. Powers, Straup & Lippman,* for appellant.

Is the widow when she declines to take under the provisions of the will of a testator, entitled to one-third of the personalty?

This is the main question now before the court, and the most important one arising out of the present controversy. Our statute upon the subject is not as clear as it might be, and yet, if we consider the intent and purpose of the Legislature, it is manifest that the reading for which the widow contends is correct.

Its provisions demonstrate that the purpose of the statute is to protect the widow and to secure to her a fair portion of the property which she helps to accumulate, no matter what may be the mind of the testator.

By Section 2826 of the Revised Statutes, the widow is given one-third in value of all legal or equitable estates in real property possessed by the husband at any time during marriage, and to which she has made no relinquishment of her rights

If the husband leaves a will, she must affirmatively accept its provisions, unless it appears that the provisions of the will are in addition to her distributive share and she takes under the provisions of the statute. Revised Statutes, Sec. 2827.

In addition to the wife's interest in the real property of her deceased husband, and which is clear and not open to controversy, whenever the husband dies intestate, leaving a wife and more than one child, the widow takes one-

third of all the property, both real and personal. Subdivision 1, Sec. 2828, Revised Statutes.

A statute is always to be so construed that it may have a reasonable effect, agreeable to the intent of the Legislature, especially if the language is obscure. *Gore* v. *Brazier,* 3 Mass. 539–540; Opinion of Justice, 22 Pick. 573; *Richards* v. *Daggett,* 4 Mass. 537.

Such construction will be adopted as appears most reasonable and best suited to accomplish the objects of the statute; and where any particular construction would lead to an absurd consequence, it will be presumed that some exception or qualification was intended by the Legislature to avoid such conclusion. *Com.* v. *Kimball,* 24 Pick. 370.

Are the widow and the minor children entitled to a homestead and to the personal property exempt from execution?

The present statute gives not merely the right to occupy, it vests an estate. It declares that the homestead and exempt personal property "shall be the absolute property of the surving husband or wife and minor children." In this it is similar to the Massachusetts statute. *Mercier* v. *Chase,* 11 Allen, 194; *Monk* v. *Capen,* 5 Allen, 146.

That the surviving husband or wife and minor children are given an estate in the homestead and exempt personal property of the decedent, is shown by Section 2830.

The widow's share of $2,000 is to be deducted from her distributive share of the real property. Sec. 2826.

Where the will is renounced by the widow she is entitled to take under the law as if no will had been made. *Matison* v. *Pabst Brewing Co.,* 66 N. W. (Wis.) 244, 18 N. W. 255; *Gullet* v. *Furley,* 164 Ill. 566.

Taking into consideration the nature and character of the estate and the amount of personal property, it is clear

that the provisions in the will are not intended to be a substitute for the wife's interest as provided by Section 2826 of the Revised Statutes, but that such provision in the will was intended to be additional. That it is consistent with the terms of the will that the widow shall take her distributive portion of the real estate as by law provided, and still take a legacy as by will provided. If it so is consistent she is entitled to take under both and is not put in election. *Bare* v. *Bare*, 59 N. W. 20; *Herr* v. *Herr*, 58 N. W. 897; *Richards* v. *Richards*, 58 N. W., 926.

*Oscar W. Moyle, Esq.*, for respondent.

Is the wife entitled to one-third of the personalty in addition to one-third of the realty?

The real property is appraised in the inventory in the estate at about $45,000 and the personal property at about $40,000, the question is, did the deceased have the right under the statute to convey by will all of his personal property? Sections of our statute that bear upon these questions are as follows: Revised Statutes, Section 2731; Revised Statutes, Chapter 4, Section 2826; Section 2828. If the statute is clear in its terms and the widow is not given one-third of the personal property, it makes no difference whether to us or the court the law seems absurd and unreasonable, the court will, as a matter of course, enforce the law as the legislature has made it, and cannot set up itself against the legislature. There is no chance for a construction of the statute. It is clear and definite, and there is no contradiction between any of the provisions of the statute, and "if the intent is plainly expressed it is to be followed without further inquiry." Sutherland on Statutory Construction, Sec. 238.

Is the widow entitled to have the homestead set apart to her in addition to her one-third in all the other real estate?

As to this question the provisions of the statute are equally clear. Revised Statutes, Section 2731 quoted above permits a testator to convey by will all property with the only restriction that "a married man shall not devise away from his wife more than two-thirds of his legal or equitable estate in real property without her consent." The very section under which appellant attempts to claim a homestead right, 2829, Revised Statutes, provides at the end thereof: "This section shall not be construed to prevent the distribution by will of the homestead and exempt personal property." The only question that could arise then is whether or not the deceased conveyed by his will the homestead and personal property to his executor and trustee. As shown above the will does so in the broadest terms in the first paragraph where it says: "I give, bequeath, and devise all my real and personal property of every kind and nature of which I shall die seized or possessed or of which I shall be entitled to seizen or possession, in trust," etc.

With the will under consideration, the widow is put to her election and must either take under the will or at law, and cannot take both. *In re* Frost's Estate, 1st N. Y. Supplement, 340; *Reed* v. *Dickerman*, 12 Pickering, 149; *Smith* v. *Baldwin*, 2 Ind. 404; *Powers* v. *Smith*, 10 Paige, 193; *Youngs* v. *Youngs*, 45 N. Y. 254; Estate of L'Hommedieu, 32 Hun. 10; *Wilson* v. *Moore*, 86 Ind. 244.

The statutes of the states referred to in above cases are identical in principle with our own, and they change the common law rule. *Reed* v. *Dickerman*, 12 Pick. 149.

22 Utah—14.

MINER, J.

It appears from the record that James T. Little died in 1898, leaving a will. The inventory shows that the estate consisted of about $45,000 in personal property, and $40,000 in real estate. The estate was solvent and out of debt.

By his will James T. Little bequeathed to his four children $10,000 each, and to other parties smaller sums amounting in all to $47,000. The balance of his estate, both real and personal, was devised and bequeathed to his wife and four children in equal parts to share and share alike, after all other bequests and expenses were paid. All the personal property and furniture in the homestead, occupied by the deceased, was also bequeathed to his widow without inventory and without charge. A child was born after the testator's death.

The widow declined to accept under the provisions of the will, and before distribution filed her petition asking that the household goods, one-third in value of all legal and equitable estate in the real property possessed by the deceased at the time of his death, one-third of all the personal property, and the homestead where the deceased resided be set off to her.

The court decreed to the widow one-third of all the legal and equitable real estate property, but no personal property or homestead right. The widow appeals from this decree.

The question for determination is whether the widow is entitled to one-third of all the personal property in addition to one-third of the real estate allowed her by the decree, and also whether she is entitled to the homestead, and the personal property situate therein.

The question involves the construction of certain sections of the revised statutes of 1898, which differ materially

from those of 1888. These provisions of the statute, so far as material here, read, as follows :

"Sec. 2731. *Who may make a will. Married man limited.* Every person over the age of eighteen years, of sound mind, may, by last will, dispose of all his estate, real and personal, and such estate not disposed of by will is succeeded to as provided in chapter four of this title, being chargeable in both cases with the payment of all the decedent's debts as provided by law; *provided*, that a married man shall not devise away from his wife more than two-thirds in value of his legal or equitable estates in real property without her consent in writing.

Sec. 2826. *Wife's interest in husband's real property*, one-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him. * * * *The value of such part of the homestead as may be set apart to the widow shall be deducted from the distributive share, provided for her in this section.* In cases wherein only the heirs, devisees, and legatees of the decedent are interested, the property secured to the widow by this section may be set off by the court in due process of administration.

Sec. 2827. *When widow to elect between will and distributive share.* If the husband shall make any provision by will for the widow, such provision shall be construed to be in lieu of the distributive share secured by the next preceding section, unless it shall appear from the will that the decedent designed the testamentary provision to be additional to such distributive share, in which case the widow shall be presumed to have accepted both such testamentary provision and such distributive share. If, how-

ever, it does not appear from the will that its provision for the widow is additional, then the widow shall be conclusively presumed to have renounced such provision, and to have accepted her distributive share, unless within four months after the admission of the will to probate, or within such additional time before distribution as the court may allow, she shall, by written instrument filed with the clerk of the court, accept the testamentary provision, which acceptance shall be construed to be a renunciation of her distributive share.   *   *   *

Sec. 2828. *Succession.* When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this title, or in the probate code, subject to the payment of his debts, in the following manner:

1.  *   *   *   If the decedent leave a surviving husband or wife, and more than one child living, or one child living, and the issue of one or more children, one-third to the surviving husband or wife, and the remainder in equal shares to his children, and to the issue of any deceased child, by right of representation;   *   *   *   provided, that the share in the legal and equitable estates in real property of which an intestate husband died possessed, secured by this section to his widow, shall not be additional to the interest in such estates provided for her in section twenty-eight hundred and twenty-six.

Sec. 2829. *Homestead exemption. Debts.* A homestead consisting of lands and appurtenances not exceeding in value the sum of two thousand dollars, and two hundred and fifty dollars additional for each minor child, together with all the personal property exempt from execution, shall be wholly exempt from the payment of the

debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there be no surviving husband or wife, to be set apart on petition and notice, at any time after the return of the inventory; provided, that the homestead selected shall be subject to any incumbrances given for the purchase price or by the consent of both husband and wife, and to mechanics' liens. This section shall not be construed to prevent the disposition by will of the homestead and exempt personal promptly.

The provisions of the statute, governing the descent, succession and distribution of estates of deceased persons and homestead rights are, to a certain extent, enigmatical.

Statutes enacted to supply rules for the distribution and succession of the property of the people of a state should be framed with less obscurity and doubt, and not be allowed to depend so much upon judicial interpretation.

The question presented is a new one in this state, and our statutes are not sufficiently identical with those found elsewhere, to make the adjudications of other courts of much assistance. In fact no case is cited that bears directly upon the question in issue here.

Our opinion is that Section 2731 empowers the testator to dispose of all his real and personal property by will, except that being a married man he cannot legally devise away from his wife more than two-thirds of his legal and equitable estate in real property, without his wife's consent in writing. In other respects the statute gives the husband absolute power over his real and personal property by will.

This privilege to dispose of one's property by will is not a natural right, but depends upon positive law. The right is within the control of the law-making power. The legislature may give or take away the right to dispose of

one's estate by will. In this case such right to devise his property by will was given by statute. *Evans* v. *Price*, 118 U. S. 593, 599.

While Sec. 2829, in terms, gives absolutely, property in the homestead and exempt personal property to the surviving husband or wife, yet by other terms of the section this power is limited, and the husband may dispose of it by will, and under section 2826 the value of such homestead set apart to the widow, if any, shall be deducted from the distributive share provided for her in that section. This right to dispose of such homestead property, however, by will, is limited to such estates as exceed the homestead limit in value, under the ruling of this court in *Knudsen* v. *Hannberg*, 8 Utah, 203.

The statutes of this state have been materially changed in this respect since *Knudsen* v. *Hannberg*, *supra*, was decided, but in respect to the point mentioned, the opinion is still applicable to the statutes now in force.

The syllabi in that case, however, is inaccurate. The word "solvent" in the third line from the bottom of the first paragraph should read "insolvent."

Under Section 2825, if no will is made the real and personal property passes to the heirs subject to the control of the court and possession of the administrator, etc.

Under Section 2826 one-third of the legal and equitable estate in the property of the husband, in which the wife has made no relinquishment, must be set aside as her property in fee simple, if she survive him; but the value of such part of the homestead as may be set aside to the widow under Section 2829 must be deducted from her distributive share of the real estate falling to her under Section 2826, provided the estate is solvent and above the homestead allowance in value, but the homestead right would attach in favor of the widow and children if the

estate was insolvent or below the homestead limit in value, as held in *Knudsen* v. *Hannberg, supra.*

In this case the estate is solvent and out of debt. Hence the value of such part of the homestead as may be set aside to the widow should be deducted from her distributive share as provided in Section 2826.

The testator disposed of all his real and personal property by will. It does not appear from the will that the decedent designed the testamentary provision for the widow to be in addition to her distributive share under Section 2826.

Under the provisions of section 2827 the widow duly renounced the provision made for her in the will, and elected to take her share of the estate under the provisions of the statute providing for succession. Had no will been made, the widow under section 2828, would have been entitled to one-third of the real and personal property; but as we have seen, the husband had an absolute right under section 2731 to dispose of all of his property by will except one-third of the real estate as stated. Therefore she cannot claim as distributee of her husband's personal estate, when he has fully disposed of the same by valid will. The widow's election or renunciation of her right under the will does not nullify the will as to other bequests, nor take from the legatees named therein their rights thereunder. Except as to the widow, who renounces it, the will is operative and binding. Having renounced the provisions of her husband's will in her favor the law determined and fixed what estate she would take. *Gullet* v. *Farley*, 164 Ill. 566; *In re* estate of Jacob Davis, 36 Ia. 24; *Smith* v. *Baldwin, et al.*, 2 Ind. 403; *In re* Frost's Estate, 1 N. Y. S. 340; Woerner on Admn., pp. 269-270.

Our conclusion is that having renounced the will the widow is not entitled to any of the bequests of personal

property contained therein, nor to one-third of the personal estate, but should be allowed her distributive share of the real estate by succession under Sec. 2826 R. S. 1898, as decreed by the district court.

The judgment of the district court is affirmed, with costs.

BASKIN, J. concurs.

BARTCH, C. J. dissents.