## In the Matter of the Estate of ASHAL THORN, Deceased.

### No. 1332.  (67 Pac. 22.)

1. **Executors and Administrators: Expenses of Last Sickness: Cost of Administration: Sale of Realty: Distribution.**

   Under Revised Statutes 1898, sections 3846, 3847, providing that decedents' estates of less value than $1,500 shall be set apart to the widow in fee after payment of expenses of the last sickness, funeral charges, and expenses of administration, a parcel of realty worth less than $1,500, and being the entire corpus of an estate, should be sold to pay the expenses referred to, and not set apart to the widow before such charges are paid.

2. **Same: What Statute Governs.**

   Where intestate died in 1897, while Compiled Laws 1888, sections 4113-4119, relative to distribution of estates, was in force, but the orders settling the estate were made after Revised Statutes 1898, sections 3846, 3847, relating to the same subject, took effect, the orders were properly made in accordance with the statutes in force at the time the orders were made.

3. **Same: Necessary Repairs: Payment.**

   Where a decedent's estate consisted of a house and lot, and the roof was destroyed by fire, repairs made at the request of the widow by the probate court were a necessary expense in the proper administration of the estate, which should be paid before any distribution of the estate is made.

4. **Same: Statute Construed: Exemption of Homestead: Payment of Expenses.**

   Revised Statutes 1898, section 2829, provides that a homestead not exceeding in value $2,000 shall be wholly exempt from the payment of the debts of a decedent. Sections 3846 and 3847 provide that, where the whole value of the property of a decedent does not exceed $1,500 for distribution, the expenses of the last sickness, the funeral charges, and the expenses of administration shall be paid before distribution. *Held*, that the sections, when

24 Utah—14

construed together, require expenses of administration, burial, and last sickness, where the estate is less than $1,500, to be paid before any distribution.

(Decided December 14, 1901.)

Appeal from the First District Court, Box Elder County.—
*Hon. C. H. Hart,* Judge.

From an order denying the widow's petition to remove Richard Thorn as administrator of the estate, and also denying her petition to have the real estate set aside to her as a homestead, and granting the administrator's petition to sell the real estate, the widow petitioner appealed.

AFFIRMED.

*Messrs. King, Burton & King* for appellant widow.

That it was the imperative duty of the trial court to grant the widow's petition to have her "probate homestead" set apart, and that the court has "no discretion to refuse the application" appears from the following cases: Estate of Tompkins, 12 Cal. 126; Estate of Ballentine, 45 Cal. 699; Estate of Burton, 63 Cal. 37.

On principle it would seem that the law in force at the time a probate homestead is set apart should govern that proceeding; and not the law in force at the time of the intestate's death; the following cases support this view: Sulzberger v. Sulzberger, 50 Cal. 388; Sheehy v. Miles, 93 Cal. 294.

The widow's homestead is not subject to sale. We consider the order and attempt to sell null and void and without force and effect. 1 Woerner 214, note 4, citing: Sluder v. Rodgers, 64 N. C. 289; Sabalot v. Populus, 31 La. Ann. 854; McCloy v. Arnett, 47 Ark. 445; Stayton v. Halpern, 50 Ark. 329; Anthony v. Rice, 110 Mo. 223; Bond v. Montgomery, 56 Ark. 563; Hartman v. Schultz, 101 Ill. 437; Muller v.

In re Estate of Ashal Thorn.

Conrad, 178 Ill. 276; Zoellner v. Zoellner, 53 Mich. 626; Keyes v. Cyrus, 100 Cal. 322.

*J. D. Call, Esq.,* for respondent administrator.

I now come to the only point that I consider in the case, viz.: Was the decedent's estate held subject to the payment of the expense of the last illness, funeral expenses and expenses of administration?

If the appellant's contention is true, then a woman could die leaving a husband and ten minor children and an estate of the value of $4,500, and yet an undertaker could not collect the value of the casket which her body is buried in; the doctor could not collect the price of the drugs administered to her in her agonizing moments; the nurse who has been in constant attendance upon her, changing her as she would a small baby, must look elsewhere for money with which to pay for the laundering of the white apron that has been soiled in caring for her wants, and the administrator and his attorney, who have perfected the title in this "lord of creation" and his issue, are to be answered: "You have been working for sweet charity."

Public policy dictates that such is not the law.

MINER, C. J.—These proceedings, so far as we are able to discover from a very imperfect record, were brought to obtain an order to remove Richard Thorn as administrator of the estate of Ashal Thorn, deceased, and also for an order setting apart the real estate left by the decedent, as a homestead for the widow, and for an order of sale of the real estate with which to pay the funeral expenses, expenses of administration, and of the last sickness of the deceased. The Court denied the widow's petition to remove the administrator, and also denied the widow's petition to have the real estate of the deceased set aside to her as a homestead, and granted the administrator's petition to sell the real estate to pay the expenses

In re Estate of Ashal Thorn.

of the last sickness, funeral expenses, and expenses of admin-
istration. No good reason is shown in the record for remov-
ing the administrator, and we are of the opinion that the
order denying the petition was sustained by the testimony
given in the case, and was properly granted. It also appears
that Ashal Thorn died about February 10, 1897, at the house
of his daughter, Barbara Walker, to which place he had been
removed in May, 1896, from his residence in Willard. He
had been sick for a considerable time, and the widow neglected
or declined to take care of him. The parties lived separate
and apart for a considerable length of time prior to the time
of his death. The debts against the estate of the decedent
were those made during his last illness, also funeral expenses
and expenses of administration, amounting to $461.33. These
expenses were duly allowed. The estate consisted of two lots
of land in Willard, with a small house thereon, worth about
$800, and less in value than $1,500. No personal property
in excess of $28.25, which consisted of household furniture
used by the widow, was left by the deceased; nor was the
personal property sufficient to pay the debts of the deceased.

Very many questions are raised in the record by Mr.
R. H. Jones, who was the attorney for the widow in the court
below, many of which are of inconsiderable importance. The
principal question for us to determine is whether the court
erred in making the order for the sale of the real estate for
the purpose of paying the debts against the estate, which were
incurred in the care of the deceased during his last illness,
funeral expenses, and expenses of administration, which in-
cluded money advanced to the widow for her support, and the
sum of $163, paid by the widow's consent, and by the request
of the court, in roofing the dwelling house, which roof had
been consumed by fire. The following embraces the list of
expenses: Funeral expenses, $41.30; time and service in
caring for the deceased, $25; fees of clerk of court in admin-
istration, $12; widow's allowance advanced, $25; taxes paid

In re Estate of Ashal Thorn.

on homestead, $7.05; putting new roof on dwelling house, $163.48; claims for nursing and care of deceased in last sickness, $225; total $498.83. Intestate departed this life about February 10, 1897. There were no minor children. At this time Compiled Laws 1888, pp. 489, 490, chapter 5, was in force. This chapter includes sections 4113 to 4119, inclusive. These sections provide for an allowance for the support of the widow and children in cases where the estate does not exceed $1,500 in value, and under sections 4116 and 4118 the widow is entitled to the whole of the estate after the payment of the expenses of the last illness of the deceased, funeral expenses, and the expenses of the administration of the estate. Under sections 3846, 3847, Revised Statutes 1898, which took effect January 1, 1898, and were in force when the orders in this case were made, the expenses of the last illness, funeral charges, and expenses of administration must first be paid, before such distribution to the widow. In Sheehy v. Miles, 93 Cal. 294, 28 Pac. 1046, it was held that the homestead is to be set apart in pursuance of the statute in force at the time when the order is made, and the interest therein which the widow and surviving child will take is to be determined by the same statute. Sulzberger v. Sulzberger, 50 Cal. 388. The repairs to the roof of the dwelling house where the widow resided, after it was consumed by fire, were made at the request of the widow by the probate court, and seem to be one of those necessary expenses in the proper administration of the estate and to preserve the dwelling from ruin and decay. Under these provisions of the statute, these just obligations must first be paid out of the estate, before the court could make an order distributing it to the widow and others entitled to it. In order to pay them, an order of sale was necessary, and the order was properly made.

Appellant's counsel insists that the real estate in question was exempt from the payment of the expenses of the last sickness of the intestate, funeral expenses, and expenses of admin-

istration, under section 2829, Revised Statutes 1898. This is one of the sections under the title "Succession," by which property of a decedent descends to the heirs, etc., and when construed in connection with section 3846, 3847, Id., under the title "Family Support," has reference to cases where the estate is in excess of the exemption limit, and of more than $1,500 in value. If applicable at all to this case, it would not apply to or exclude the payment of the expenses of the last sickness, funeral charges, and expenses of administration of the estate of the deceased, because it simply declares an exemption from levy and forced sale, under legal process for debts against the decedent in estates of more than $1,500 in value. Certainly the Legislature, in enacting these provisions of law, could not have intended that the expenses of the last sickness, funeral charges, and expenses of administration should not be a proper charge against small estates, merely consisting of a homestead of less than $1,500 in value. Such a rule would pauperize an intestate upon his deathbed, and tend to deprive him of a Christian burial, though the means he may have acquired and accumulated by years of toil were sufficient to pay them. Any other construction would render sections 3846 and 3847 inoperative.

All the real estate belonging to the deceased did not exceed in value $800. After having made the order of sale of the real estate to pay the expenses of the last sickness, etc., the court could not properly set apart the same real estate to the widow as a homestead. These expenses were a proper charge against the estate, and could only be realized and paid from the proceeds of the sale of the property. Under the circumstances, no error was made in refusing to set aside the homestead to the widow.

Other questions are presented by the record, but we do not deem them worthy of further consideration. The attorney for the administrator was compelled to prepare and print an additional abstract, consisting of twenty-one pages, for the

reason that the appellant's abstract was inaccurate and failed to comply with rule 6 of this court. The judgment and orders of the district court are affirmed, with costs, including the expenses of printing the additional abstract.

BASKIN, and BARTCH, JJ., concur.