## In re PETERSEN'S ESTATE

No. 4532.   Decided April 27, 1927.   (256 P. 409.)

*A. A. Duncan,* of Salt Lake City, for appellant.

*Allan S. Tingey,* of Salt Lake City, for respondent.

GIDEON, J.

This is an appeal from an order made in the course of probating the estate of Andrew C. Petersen, deceased, by

the district court of Salt Lake county. Irwin A. Petersen, executor of the last will and testament of Andrew C. Petersen, deceased, filed a petition asking for authority to sell one Ford tudor automobile, property of the estate, of the approximate value of $600. The petition states that "claims against said estate in the way of expenses of administration have been incurred and are unpaid amounting to approximately $150, and the sale of the personal property of said estate is necessary to provide for the payment thereof." Then follows a description of the automobile. In opposition to that petition Margaret P. Petersen, widow of Andrew C. Petersen, filed objections to granting the order directing the sale of the automobile and set out in her objections that at the time of the death of her husband the automobile was exempt from execution under the provisions of Comp. Laws Utah 1917, § 6925, and, being exempt, should be set apart to her as the widow of the deceased under section 6409 of the same compilation. At the same time the widow filed a petition praying that an order be made that she as widow of the deceased is entitled to have said automobile set apart to her under the provisions of said section 6409. A hearing was had. Among others, the court made the following findings:

(2) "That the claims against said estate by way of expenses of administration, have been incurred and are unpaid, amount approximately to the sum of $150, and that a sale of the personal property of said estate is necessary to provide for the payment thereof, and that the following described personal property, belonging to said estate, can be sold for that purpose to the best advantage of the estate, to wit, one Ford tudor automobile of the value of $600."

(6) "That the said deceased at the time of his death and for some time prior to his death was an automobile salesman by occupation and was engaged as such and earned his living wholly by his services as such automobile salesman, and the said Ford tudor automobile was used by him in his occupation and was absolutely necessary to him in carrying on his work and calling as such automobile salesman."

In the court's conclusions of law it is held that the automobile is not exempt under the provisions of section 6925,

and that the order asking for sale of the property should be granted. A decree or order was made accordingly. From such order the widow appeals.

The written briefs and oral arguments of counsel are directed mainly to the one question whether or not, by reason of the trial court's findings, and especially its sixth finding above quoted, the automobile in question was exempt from sale under execution during the lifetime of deceased and for that reason the widow is entitled to have the same distributed to her as the surviving wife under the provisions of section 6409, supra. As we view this record it is not necessary to determine that question, and we express no opinion concerning that particular question. In our judgment the order of the court below should be affirmed for other reasons.

It appears from the petition for the sale of the personal property and from the findings that certain expenses in the administration of the estate have been incurred and that those expenses are not paid and that a sale of the personal property is necessary to pay those expenses. Comp. Laws Utah 1917, § 6409, so far as material here, is:

"A homestead consisting of lands and appurtenances not exceeding in value the sum of $2,000 and $250 additional for each minor child, together with all the personal property exempt from execution, shall be wholly exempt from the payment of the debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there be no surviving husband or wife, to be set apart on petition and notice, at any time after the return of the inventory.  *  *  *"

Comp. Laws Utah 1917, § 7644, which is part of our probate code, authorizes the court having jurisdiction of the proceedings to distribute to the surviving wife and minor children if there be minor children, or to the surviving wife alone if there be no minor children, or to the minor children if there be no surviving wife, the property of an estate that does not exceed in value the sum of $1,500. That section, however, further provides that

"the expenses of the last illness, funeral charges, and expenses of administration shall be paid before such distribution is ordered." It has been determined by this court that sections 6409 and 7644 should be construed together; that the probate court is not authorized to make a distribution of any part of the estate until the expenses ■ mentioned in the quotation from section 7644 have been paid. The trial court in this case found that the expenses of administration have not been paid and found the approximate amount of those expenses. The question of the right of the widow or minor children to have any part of the estate summarily distributed to them or to claim the same exempt without first paying the funeral expenses and the expenses of the last illness as well as the expenses of administration was determined adversely to that claim by this court in *Re Ashal Thorn,* 24 Utah, 209, 67 P. 22. The court in that case construed the rights of the petitioner, under Rev. Stat. Utah 1898, §§ 2829 and 3847. Those sections are identical with Comp. Laws Utah 1917, §§ 6409 and 7644. No reason is advanced why the court should depart from the conclusions in that case. The facts found by the trial court in the instant case authorized that court to make the order from which this appeal is taken. No error.

Judgment affirmed, at appellant's cost.

THURMAN, C. J., and CHERRY, HANSEN, and STRAUP, JJ., concur.