In re MOWER'S ESTATE.
MOWER v. MOWER.

No. 5877.   Decided November 26, 1937.   (73 P. [2d] 967.)

*Larson & Larson,* of Manti, for appellant.

*L. R. Christensen,* of Mt. Pleasant, for respondent.

LARSON, Justice.

This is an appeal from the district court of Sanpete county, and presents for determination two questions: (1) The construction and application of section 101-4-6, R. S. Utah 1933; (2) Are the expenses of administration, last illness and funeral, chargeable against the estate before deduction of the homestead, or of widow's one-third interest? There is no substantial dispute in the facts. The record reveals:

That Charles A. Mower, a resident of Sanpete county, died testate in January, 1934, leaving surviving him a widow, Rhoda Mower, the appellant, and some adult children by a former marriage. His will was admitted to probate in February following his death, and respondent, a son, qualified as executor. The inventory showed an estate appraised at $2,300, consisting of land and water right thereto. The will directed that the property be sold, and, after the payment of all debts, charges, and expenses of administration, the remainder be distributed, one-third to the widow, and two-thirds share and share alike to the children, all adults. The widow renounced the terms of the will, electing to take under the statutes, and petitioned the court to set apart to her a

homestead of $2,000 in value, and the exempt personal property, under the provisions of section 101-4-6, R. S. Utah 1933. The court denied her petition, and decreed to her, under section 101-4-3, her distributive share of one-third of the property after payment of all liens, expenses of last illness and funeral, and charges of administration. The widow appeals, and presents for determination the two questions stated above. We consider them in order.

1. The first and most important question arises by virtue of the amendment in 1933 of section 6409, Comp. Laws Utah 1917. The statute as it read in the 1917 compilation was construed by the court in *Re Schenk's Estate*, 53 Utah 381, 178 P. 344, to the effect that, where decedent left a will, the homestead provisions of the section did not apply, and, where the widow renounced the will, she could claim her distributive one-third of the real property, but could not claim a homestead. Where, however, there was no will, she could claim a homestead, wholly exempt from the debts of decedent, as the absolute property of the widow and minor children. The trial court followed the ruling in the Schenk Case, and, were it not for the amendment of the section in 1933, that case would be controlling. We think that the amendment so changed the statute that the Schenk Case has no application. For purposes of comparison we set forth both sections. Section 6409, Comp. Laws Utah 1917, reads:

"A homestead consisting of lands and appurtenances not exceeding in value the sum of $2,000, and $250 additional for each minor child, together with all the personal property exempt from execution, shall be wholly exempt from the payment of the debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there be no surviving husband or wife, to be set apart on petition and notice, at any time after the return of the inventory; *provided*, that the homestead selected shall be subject to any incumbrances given for the purchase price or by the consent of both husband and wife, and to mechanics' liens. *This section shall not be construed to prevent the disposition by will of the homestead and exempt personal property.*"

As amended in 1933, the section (101-4-6, R. S. 1933) reads:

"A homestead as provided by section 1, title Homesteads, together with all personal property exempt from execution, shall 'be wholly exempt from payment of the debts of the decedent, and shall be the absolute property of the surviving husband or wife and minor children, or of the minor children in case there is no surviving husband or wife, or of the surviving husband or wife in case there are no minor children, to be set apart on petition and notice, at any time after the return of the inventory.".

The significant change is the dropping of the last or terminal sentence from section 6409. When section 6409, Comp. Laws Utah 1917, came before this court for construction in *Re Schenk's Estate*, 53 Utah 381, 178 P. 344, we held that the last sentence of the section compelled a construction which permitted a man to dispose of the homestead by will, regardless of the fact that it may leave his widow and minor children shelterless, homeless, and without support. That decision was based upon the terminal sentence of the homestead section. While this court there followed the plain language of the statute as it then stood, we criticized the statute as incongruous and inconsistent with the homestead provisions of the Constitution and unjust and unfair, and recommended that the statute be changed. The legislature in 1933 heeded the suggestions of this court and amended section 6409, Comp. Laws Utah 1917, by dropping the terminal sentence. Such an amendment of the statute, such an evident change in the statute after the part stricken had been subjected to stricture and censure by the court, cannot be said to be meaningless. We cannot, as is urged by respondent in an effort to make an harmonious union with some other old sections of the statute, say that the Legislature changed the statute just to make it mean what it did before the change; or that the Legislature did not mean to do what it did, just because it did not also change other sections to which we shall refer later.

We must give the Legislature credit for meaning to do what it did do, and then harmonize the act with other provisions if we can do so. To harmonize the section as amended with other provisions of the statute, it is not necessary to construe it as was done by the trial court and as contended by respondent. Such construction of this section is unnatural and results from a failure to reach a bedrock basis for the statutes and the provisions thereof.

Section 6409, Comp. Laws Utah 1917, quoted haec verba, supra, without the italicized terminal sentence, clearly creates an estate, absolute in the surviving spouse and minor children, exempt from all debts of the decedent, to be set apart on petition. In other words, it carries over the homestead right given by the Constitution, art. 22, § 1, and title 43, Comp. Laws Utah 1917, perpetuated as title 38, R. S. Utah 1933 (38-0-1 et seq.), so that the surviving spouse and also the minor children may, as could have been done during the lifetime of deceased, claim the homestead for their support and shelter. Realizing the absolute nature of this grant or estate as the *"absolute property of the surviving husband or wife and minor children * * * to be set apart on petition and notice,"* the Legislature, for sufficient reasons as they then existed, provided in the terminal sentence, that, in case the deceased died testate, an exception should be made to the right of homestead otherwise granted. The terminal sentence should not be construed as merely a direction to read the section as part of the law or succession instead of the law of wills, but that it should be construed as meaning, "an exception to the homestead right is hereby made, in cases where the homestead is devised by will." The history of this section may help in an understanding of its import and meaning. In Laws of Utah 1884, chapter 5 of chap. 56, p. 407, are found the following provisions:

"Sec. 2. Upon the return of the inventory or at any subsequent time during the administration, the court may, on its own motion, or on petition therefor, set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the

decedent, all the property exempt from execution, including the homestead selected, designated, and recorded; Provided, Such homestead was selected from the common property, or from the separate property, of the persons selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or in case the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court must select, designate, and set apart and cause to be recorded, a homestead for the use of the surviving husband or wife and the minor child or children; or if there be no surviving husband or wife, then for the use of the minor child or children, in the manner provided in this chapter, out of the common property, or if there be no common property, then out of the real estate belonging to the decedent."

"Sec. 5. When property is set apart to the use of the family, in accordance with the provisions of this Chapter, if the decedent left a widow or surviving husband, and no minor child, such property is the property of the widow or surviving husband. If the decedent left also a minor child or children, the one-half of such property shall belong to the widow or surviving husband, and the remainder to the child, or in equal shares to the children, if there be more than one. If there be no widow or surviving husband, the whole belongs to the minor child or children. If the property set apart be a homestead, selected from the separate property of the decedent, the court can only set it apart for a limited period, to be designated in the order, and the title vests in the heirs of the decedent, subject to such order."

In 1888 these sections were amended by eliminating the references to common property and the use for a limited time, and the homestead set apart absolutely for the widow and minor children without strings attached. As amended, Laws of Utah 1888, p. 192, the sections read:

"Section 2. Upon the return of the inventory, or at any subsequent time during the administration, the court may, on its own motion, or on petition therefor, set apart for the use and support of the widow and minor children of the decedent, if there be a widow and minor children, and if no widow, then for the children, if there be any, and if no children, then for the widow, all the property of the decedent, exempt from execution."

"Section 5. When property is set apart in accordance with the provisions of the preceding sections of this chapter, if the decedent left a widow and no minor child, such property is the property of the widow. If the decedent left also a minor child or children, the one-half

of such property shall belong to the widow, and the remainder to the child, or in equal shares to the children, if there be more than one. If there be no widow, the whole belongs to the minor child or children."

Let us note that nowhere in Laws of Utah 1884 nor in Laws of Utah 1888, relative to both Wills and Succession, is there any mention of "homesteads." The sections quoted above are found as indicated above and in chapter 5 of part eleventh, Comp. Laws Utah 1888, governing the probate of estates, and there are nowhere any distinctions made as to whether deceased died testate or intestate, and the homestead seems clearly to be unaffected by the existence or non-existence of a will. There were statutes, however, exempting homesteads from execution. In 1896 (Laws of Utah 1896, p. 215) the Legislature added to the homestead provisions of the statute (that is, the one exempting the homestead from execution) the following significant declaration:

"Such exemptions shall continue after the death of the judgment debtor for the benefit of the wife or minor children surviving, or in case the wife is the judgment debtor, and the husband or minor children are not seized of any real estate of the value in the aggregate of one thousand dollars, then such exemption shall continue until the death of the husband, or in case the husband dies before the youngest child of such family is twenty-one years of age, then such exemption shall continue until such youngest child shall become twenty-one years of age."

It thus appears that until 1898 the policy of the Legislature and its enactments had always been to secure to the surviving spouse especially, and to the minor children, a homestead free from debts and claims of creditors, definitely to be set aside for them in the event of the death of the husband and father; and as against creditors could be asserted either by the surviving spouse or minor child. A fair reading of all the statutes until 1898 manifests that this homestead could not be taken from them even by will.

The Constitution of the State, adopted in 1895, provides in article 22, § 1, that the Legislature shall provide for the selection by the head of a family of a homestead, exempt

from all claims of creditors; and article 1, § 26, makes such provision mandatory. It was pursuant to such provisions that the Legislature in 1896 enacted the section last above quoted. Pursuant to that same provision, and in pursuance of that policy long practiced and dedicated in the Constitution, every Legislature since statehood has enacted homestead laws and provided that a homestead may be claimed by either husband or wife, even though the other be the judgment debtor, out of the property of either; that it is exempt from liens, not only when claimed and used as a homestead, but when sold the proceeds are exempt, and claimant may then select another homestead; that a recorded homestead, whether from husband's or wife's property, cannot be conveyed without both joining in the conveyance; that insurance money from loss on homestead improvements is exempt; *that neither husband nor wife can remove the other from the homestead* without providing another suitable homestead; that, in the event of death of the owner of the record title of property, the surviving spouse and/or minor children shall in all events be entitled to possession of the homestead during probate of the estate (with or without a will being left) ; and that a homestead may be set apart as the absolute property of the surviving spouse and minor children, free from all debts and claims of creditors.

The sentence that forms the bone of contention in this cause (the terminal sentence of section 6409, Comp. Laws 1917) first appears in the Revised Statutes of 1898 as section 2829. It was written in by the Code Commission appointed in 1896 to revise and codify the laws of Utah and report the Revised Code of all legislative enactments then in force, with recommendation of changes made to the Legislature in 1897. In its report, the Code Commission indicated and noted the changes made in the laws by the Revised Statutes of 1898. That report nowhere calls attention to the vital change in sections 4114 and 4117, Comp. Laws of 1888, and chapter 71, Laws of Utah 1896, all quoted above, by section 2829, R. S. 1898. The report notes a number of

changes made in the homestead chapter generally extending it in scope, but makes no mention of the elimination of the provision that the right to claim a homestead survives even death. It notes the changes in the chapter on Wills and Succession, but makes no reference to the insertion of the terminal sentence of section 2829 permitting disposition of the homestead by will. Changes made in the Probate Code are noted, but again no reference to the limitations made on the right to a homestead in distribution of an estate. The Code as revised by the commissioners, with the exception of certain chapters not material here, eliminated and passed as separate acts, was enacted by the Legislature of 1897, as Senate Bill No. 11, being chapter 53 of Laws of Utah 1897, and thus came into our statutes this controversial section.

Prior to the amendment of 1898, inserting the terminal sentence in controversy, this court in *Knudsen* v. *Hannberg*, 8 Utah 203, 30 P. 749, held that under the law as it then existed the homestead right attached in favor of the widow or minor children, where the estate was insolvent, or below the homestead allowance in value, and the widow or minor children would be entitled under sections 4114 and 4117, quoted above, to have the homestead set apart absolutely for them, even though decedent left a will not so providing. This holding was again approved by this court in *Re Schenk's Estate*, 53 Utah 381, 178 P. 344, 347, where Mr. Justice Thurman, after quoting the Knudsen Case so holding, says:

"The court was undoubtedly right under the law as it then existed, and even if the husband, under that law, had undertaken to devise an estate of less than $1,500.00 away from his wife, the attempt would have been futile against her consent because the statute as it then existed had been construed by the courts of California [from which we took our statutes] to authorize setting apart such property to the widow, the provisions of a will to the contrary notwithstanding. [citing California cases]"

Mr. Justice Thurman then points out that since the Knudsen Case our statute has been amended by adding the terminal sentence about which this dispute rages, and criticizes

the opinion of Mr. Justice Miner in *Re Little's Estate*, 22 Utah 204, 61 P. 899, decided shortly after the amendment of 1898 which added the terminal sentence. On page 214 of 22 Utah, page 900 of 61 P., Mr. Justice Miner said:

"While section 2829 in terms gives absolutely property in the homestead and exempt personal property to the surviving husband or wife, yet by other terms of the section this power is limited, and the husband may dispose of it by will; and under section 2826 the value of such homestead set apart to the widow, if any, shall be deducted from the distributive share provided for her in that section. *This right to dispose of such homestead property, however, by will, is limited to such estates as exceed the homestead limit in value,* under the ruling of this court in *Knudsen* v. *Hannberg,* 8 Utah 203, 30 P. 749." (Italics supplied.)

Objecting to the italicized part of the quotation, Mr. Justice Thurman says:

"The objectionable language sets at naught the statute as amended and treats it as if it had not been amended at all."

In the same opinion, the learned justice says:

"Getting back to the main question, respondent contends that the terminal provisions of sections 2829 and 3847 unquestionably sustain the right and power of a testator to dispose of all his estate by will, including the homestead, even when the value is less than $2,000, as in the case at bar; and also as against summary distribution of the property where the value is less than $1,500.00"

"It was because of the terminal sentences in the two sections last referred to that the court found itself powerless to grant appellant the relief prayed for in her petition," and because of such terminal sentences affirms the judgment of the trial court. Mr. Justice Frick, in a concurring opinion in the Schenk Case, agrees that the terminal sentence necessitates the holding by Mr. Justice Thurman, but severely criticizes it and recommends the amendment of the law to preserve the homestead right inviolate even after death, for the surviving spouse and minor children. The Revised Stat-

utes of 1933, pursuant to such criticism, amended the section setting apart the homestead by dropping the terminal sentence.

We have then this condition: Until 1898, the statutes had set apart, for the widow and minor children, of a decedent, a homestead, absolutely, regardless of whether decedent died testate or intestate; that by amendment in 1898 the sentence was added providing that the homestead may be disposed of by will, but this was held, by this court, in Re Little's Estate, supra, to be limited to solvent estates over the homestead allowance, and such was the law of this state until 1919, when this court, in *Re Schenk's Estate,* supra, held that any estate regardless of size could be disposed of by will, subject only to the widow's one-third interest in the real property, because of the amendment of 1898. The Legislature in 1933 eliminated the amendment of 1898, putting the statute substantially as it was before the amendment, when the homestead could not be disposed of by will, as held in the Knudsen Case, supra. In other words, the Legislature repealed that part of the statute upon which the Schenk decision rested, thus, in effect, restoring the law to the interpretation made by Justice Miner.

It is urged that, notwithstanding the amendment of 1933, the rule in the Schenk Case must be maintained, or the law in other particulars would be out of joint, particularly section 102-8-2 providing for summary distribution of small estates, and section 101-1-3, with respect to married women disposing of their estates by will. An examination of these sections discloses that there is no want of harmony between them and the view here taken. The terminal sentence, of the summary distribution section, which was not dropped or amended in 1933, reads as follows:

"This section shall not be construed to affect the right of a decedent to *dispose of his estate by will as provided by law.*" (Italics added.)

The terminal sentence of the other section, 2829, R. S. 1898; 6409, Comp. Laws Utah 1917, dropped by the amendment of 1933, reads:

"This section shall not be construed to prevent the *disposition by will of the homestead and exempt personal property.*"

The difference is evident. The one expressly authorized the disposition of the homestead, the other merely says he may make such disposition as the law provides. When the law does not permit disposition of the homestead, an attempt to will it away is not as provided by law. Under the summary distribution section, any part of the estate even though under $1,500, not exempt from execution, may be disposed of by will; it would not be homestead property set apart to the dependents under section 101-4-6, R. S. Utah 1933. Furthermore, the summary distribution section with its terminal sentence quoted above, was in effect since 1878 or earlier. That terminal sentence was not added when the other one was in the Revision of 1898, and was never considered as affecting or permitting disposition of homestead rights. As stated by Mr. Justice Thurman, in Re Schenk's Estate, as quoted supra, regardless of the statute, a man whose estate is less than $1,500 cannot by will take it from his widow and minor children.

Now as to section 101-1-3, relative to married women making wills, that section has no conflicts with the position we have taken. It was enacted pursuant to section 2 of article 22 of the State Constitution, to insure to women the new freedom and equality conferred upon them by the Constitution; freedom from the disqualifications of coverture, freedom from domination and control of their husbands, the right to handle their property and contractual rights, not under the control, dominion, or orders of their husbands. The statute reads:

"A married woman may dispose of all her estate *by will without the consent of her husband,* and may alter or revoke her will in the same manner as if she were single. Her will must be executed and proved in the same manner as other wills." (Italics supplied.)

This is merely a freedom from marital control and confers no rights different from those of her husband. The only

difference is in section 101-1-1, which provides a married man cannot devise, away from his wife, more than two-thirds of his real estate without her consent in writing. That is not a right to devise away from her two-thirds of his real estate, however small; but a denial of a right to devise away more than two-thirds, however large, his real property interests. A husband may dispose of all his estate by will, subject to the homestead rights of widow and minor children, if the wife's one-third interest is not in excess of the homestead allowance. If the one-third exceeds the homestead, he may only devise from his widow two-thirds of his realty. Any construction other than that taken in this opinion puts queer quirks in our law respecting estates of deceased persons. In every decision we have ever written involving homesteads, we have declared in glowing language that the "homestead" is a constitutional creation, and all laws must be liberally construed to protect it and make it effective for the dependent and helpless, to insure them shelter and support. In the language of Mr. Justice Frick in the Schenk Case, such construction would

"leave the law of this state respecting homestead exemptions not only in harmonious and incongruous, but make it unjust and unfair, * * * I can better understand and appreciate what Shakespeare meant when he spoke of those

> " 'That palter with us in a double sense;
>     That keep the word of promise to the ear
>         And break it to the hope.' "

"The right of homestead exemption is based upon public policy. The right is limited to those who sustain the relation of heads of families; that is, to such as may have dependents. The homestead is therefore wisely made immune against attack by the owner's creditors. The purpose of that is to prevent them from selling it, and thus perchance make the spouse and the minor children of the owner objects of charity to be cared and provided for at public expense. Under our Constitution the head of a family is guaranteed homestead exemption upon the express condition that he sustains that relation and that the family may need the exemption for their protection. As the law now reads, however, the owner may withhold the homestead and other exempt property from his creditors for the very reason that he is the

head of a family, but he may, nevertheless, when he comes to die, and the family may really stand in need of protection, give it away to any person he may choose, rich or poor, worthy or unworthy. He may thus withhold the homestead from his creditors upon the one hand because he is the head of a family, and may deprive that family of protection upon the other. A law that permits such a result is, in my judgment * * * manifestly unjust."

The privilege to dispose of one's property by will depends on positive law. The right is within the control of the lawmaking power. *State Tax Commission* v. *Backman,* 88 Utah 424, 55 P. (2d) 171; *Evans* v. *Price,* 118 Ill. 593, 8 N. E. 854; *In re Little's Estate,* 22 Utah 204, 61 P. 899. We must conclude that the Legislature has taken away the right to dispose of the homestead by will so as to deprive the widow and minor children of sustenance and shelter to the extent the homestead would furnish the same. The homestead to be set apart to the surviving dependents is to be computed in value according to the homestead provisions of the statute. The basic homestead, set apart for the head of the family is $2,000, and an additional allowance of $300 for each minor child or other dependent. If there be no minor children or dependents other than the surviving spouse, the homestead value is $2,000. If there be no surviving spouse, but minor children, one must be considered as head of the family for homestead purposes in probate proceedings, so that the $2,000 may be claimed and set apart as a homestead, and for each additional minor child a further sum of $300 would be set apart as part of the homestead, together with the exempt personal property. The statutes thus become a unified whole, each provision fitting into the general plan for protection of the family unit, and dependent spouse and minor children, in accordance with the constitution, the legislative history and policy of the state, and the provisions of the statute as they stand today, and in complete harmony with the prior decisions of this court.

2. We come now to a consideration of the second question presented on this appeal relative to the expenses of adminis-

tration, also last illness and funeral charges. The statutes as far as material here are sections 101-4-6, 102-8-1, 102-8-2, and 102-9-21, R. S. Utah 1933. The homestead provision (section 101-4-6) directs that it "shall be wholly exempt from the payment of the debts of the decedent." Certainly the expenses of administration are not debts of the decedent; they are debts incurred in settling the estate and in securing and setting apart the homestead; the expenses involved in operating the legal machinery to secure the homestead and effectuate title and possession in the surviving spouse and children. Section 102-8-1 provides that the surviving spouse and minor children shall be entitled to possession of the homestead in addition to an allowance for their support during course of probation, but such allowance shall not have preference over expenses of last illness, funeral expenses, and charge of administration. Section 102-8-2, providing for summary distribution of small estates under $1,500, reads:

"the expenses of the last illness, funeral charges and expenses of administration shall be paid before such distribution is ordered."

Section 102-9-21, declares:

"The executor or administrator, *as soon as he has sufficient funds in his hands, must pay* the funeral expenses and expenses of the last sickness, and the allowance made to the family of the decedent. He *may retain in his hands* the necessary expenses of administration, but he is not obliged to pay any other debt or any legacy until the payment has been ordered by the court." (Italics supplied.)

These four sections must be read and construed together to understand and effectuate the purpose and intent of the Legislature, and keep the law workable and understandable and harmonious. *In Re Thorn's Estate,* 24 Utah 209, 67 P. 22; *In re Petersen's Estate,* 69 Utah 484, 256 P. 409. It follows, therefore, that while the homestead is exempt from the debts of decedent, the reasonable and proper expenses of last illness, the reasonable and prop-

er funeral expenses, and the proper expenses of administration, are preferred claims against the estate, and must be paid before distribution. The homestead and exempt personal property shall be exempt from the payment of such, as well as all other debts, where there is other property in the estate, over and above the homestead, from which they can be paid. When, however, there is not sufficient property in the estate to pay the charges of administration and expenses of last illness and funeral of decedent, and taxes against the property, without resorting to the homestead, then, after exhausting the balance of the estate in payment of such preferred items, from the homestead and exempt personal property must come the deficiency.

The judgment and decree of the district court is reversed, and the cause remanded to the district court of San Pete county to make findings of fact, conclusions of law, and decree in harmony with the views herein expressed. Neither party to recover costs on appeal.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.